OPINION OF THE COURT
 

 ClPABICK, J.
 

 In a malpractice action against an accountant, the Statute of Limitations begins to run on the date the accountant’s work product is received by the client since this is the first time the client can rely on the alleged negligent work product. Therefore, in this case, we conclude that only those claims relating to defendant’s negligence in connection with its advice and preparation of plaintiffs’ limited partnerships’ financial statements and tax returns, including Schedules K-l, arising in the three years prior to the commencement of this action are timely under CPLR 214 (6).
 

 I.
 

 By complaint dated April 10, 1990, plaintiffs, individuals who purchased limited partnership tax shelters in real property partnerships sponsored by Commercial Properties Group, Inc. (CPG), instituted this action against defendant, an accounting partnership, alleging negligence and professional malpractice in the preparation of annual returns for the tax years 1980-1987 for their limited partnership interests. CPG engaged defendant to render annual accounting services and prepare the partnerships’ tax returns and Schedules K-l, which reported each limited partner’s pro rata share of partnership income and expenses. Defendant transmitted the annual tax returns to CPG, and was aware that each limited partner received such tax documents, including Schedules K-l, for filing with their Federal and State income tax returns.
 

 Plaintiffs assert that since 1979 they relied on defendant’s advice regarding the availability of an accrued interest deduc
 
 *539
 
 tian, calculated under the "Rule of 78’s”,
 
 [1]
 
 which was employed in the tax returns prepared by defendant and submitted by plaintiffs for each tax year from 1980-1988. Plaintiffs contend that defendant’s use of the Rule of 78’s caused each limited partner to report a tax deduction far in excess of the actual allowable deduction. Plaintiffs allege that from the outset, defendant knew, or reasonably should have known, that use of the Rule of 78’s was improper, since it was not approved by the Internal Revenue Service (IRS) for long-term transactions, such as limited partnerships.
 

 Indeed, plaintiffs claim that, in 1983, after the IRS released Revenue Ruling 83-84, which specifically barred the use of the Rule of 78’s in cases where the resulting deduction exceeded the true economic accrual of interest, defendant ceased using the Rule of 78’s to calculate accrued interest on all real estate partnerships, except CPG partnerships. Plaintiffs aver that included in their tax documents for the 1983 tax year was an opinion letter, dated March 1984, stating that interest expense deductions pursuant to the Rule of 78’s comports with
 

 "the existing case law and Revenue Rulings in effect at the time the transaction was entered into. * * * [I]t is the practice of the [IRS] that [Revenue R]ulings are generally not retroactive with respect to transactions entered into prior to the effective date of the ruling, particularly where, as here, the transaction was structured in accordance with the existing ruling policy. Notwithstanding this, [defendant] has * * * been furnished with an opinion of tax counsel * * * that it is more likely than not that the interest deductions, as reported, will be upheld if challenged by the IRS based on research which indicates that the Commissioner cannot properly assert that Revenue Ruling 83-84 has retroactive effect”.
 

 Nevertheless, plaintiffs allege that defendant, in breach of "its duty to exercise the skill and knowledge normally possessed by members of its profession,” continued to utilize the Rule of 78’s in preparing the tax returns and Schedules K-l for each limited partner for the years 1984-1988.
 

 In 1983, the IRS began auditing partnerships in which plaintiffs held interests. In 1984, plaintiffs began receiving 30-
 
 *540
 
 or 60-day letters, advising them of tax deficiencies for specified years, and requiring either remittal of the deficiency amounts or commencement of an administrative challenge within the time period specified. Plaintiffs elected to administratively protest. By 1986, however, the avenues of administrative review were exhausted and no settlements were reached. Accordingly, the IRS instituted the last phase in the deficiency assessment process and issued 90-day statutory notices of deficiency to the limited partners. Upon receipt of this notice, plaintiffs had 90 days to satisfy one of two options: pay the deficiency sum or protest the determination to the United States Tax Court. Some plaintiffs filed petitions in the United States Tax Court, while others stayed the protest period pending a decision by the Tax Court on a test case. Subsequently, in December 1988, the United States Tax Court upheld the retroactive application of Revenue Ruling 83-84 by the IRS
 
 (see, Prabel v Commissioner of Internal Revenue,
 
 91 TC 1101). In August 1989, the Third Circuit Court of Appeals affirmed this determination
 
 (see, Prabel v Commissioner of Internal Revenue,
 
 882 F2d 820). Consequently, this action ensued.
 

 Plaintiffs characterize defendant’s extended use of the Rule of 78’s in calculating their limited partnerships’ interest deduction as negligent and reckless and in breach of the duty of care owed by an accountant to its clients. They allege that defendant failed to warn them of the risks and consequences of interest deductions calculated under the Rule of 78’s and reported on Schedules K-l for the years 1980-1988. Plaintiffs seek damages, including the amount of penalty interest assessed by the IRS, and legal fees.
 

 Defendant moved to dismiss the complaint,
 
 inter alla,
 
 as barred by the Statute of Limitations. In an interim order, Supreme Court,
 
 inter alia,
 
 directed the parties to consider application of the limitations period articulated in the Texas Supreme Court case of
 
 Atkins v Crosland
 
 (417 SW2d 150 [1967]), which held that a cause of action against an accountant for negligent preparation of a tax return accrues at the time the IRS assesses a tax deficiency. Thereafter, by decision dated November 10, 1992, Supreme Court departed from established New York principles and adopted the rule articulated in
 
 Atkins v Crosland
 
 holding that "the Statute of Limitations on a claim of negligence and malpractice against an accountant for acts relating to Federal income tax prepara
 
 *541
 
 tian shall commence upon a reference point based on IRS action” (156 Misc 2d 865, 873).
 

 The Appellate Division affirmed on the decisions below, with one Justice dissenting
 
 (see, Ackerman v Price Waterhouse,
 
 198 AD2d 1). The Appellate Division granted leave to appeal and certified the following question: "Was the order of the Supreme Court, as affirmed by this Court, properly made?” For the reasons that follow, we now reverse the order of the Appellate Division and answer the certified question in the negative.
 

 II.
 

 A cause of action charging that a professional failed to perform services with due care and in accordance with the recognized and accepted practices of the profession is governed by the three-year Statute of Limitations applicable to negligence actions
 
 (see,
 
 CPLR 214 [6]). A malpractice cause of action sounds in tort and, therefore, absent fraud, accrues when an injury occurs, even if the aggrieved party is then ignorant of the wrong or injury
 
 (see, Kronos, Inc. v AVX Corp.,
 
 81 NY2d 90, 94;
 
 Schwartz v Heyden Newport Chem. Corp.,
 
 12 NY2d 212, 216, 218;
 
 Schmidt v Merchants Desp. Transp. Co.,
 
 270 NY 287, 300-301,
 
 rearg denied
 
 271 NY 531). As a general proposition, it is upon injury that a legal right to relief arises in a tort action and the Statute of Limitations begins to run
 
 (see,
 
 CPLR 203 [a];
 
 see also, Aetna Life & Cas. Co. v Nelson,
 
 67 NY2d 169, 175). We see no reason to depart from the settled and reliable limitations period applicable to actions involving claims of professional negligence.
 

 In the context of a malpractice action against an accountant, the claim accrues upon the client’s receipt of the accountant’s work product since this is the point that a client reasonably relies on the accountant’s skill and advice and, as a consequence of such reliance, can become liable for tax deficiencies
 
 (see, Carr v Lipshie,
 
 8 AD2d 330,
 
 affd on opn below
 
 9 NY2d 983;
 
 Sosnow v Paul,
 
 43 AD2d 978,
 
 affd on opn below
 
 36 NY2d 780;
 
 Chemical Bank v Sternbach & Co.,
 
 91 AD2d 518,
 
 appeal dismissed
 
 58 NY2d 1086). This is the time when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court
 
 (see, Snyder v Town Insulation,
 
 81 NY2d 429, 432).
 

 We reject plaintiffs’ proposition on this appeal that a Statute of Limitations can only accrue in a malpractice action
 
 *542
 
 against an accountant when the IRS assesses a deficiency, a date that necessarily varies depending on the type of deficiency notice received by the taxpayer. The policies underlying a Statute of Limitations — fairness to defendant and society’s interest in adjudication of viable claims not subject to the vagaries of time and memory — demand a precise accrual date that can be uniformly applied, not one subject to debate or negotiation. As evidenced by Supreme Court’s treatment of this case, no uniform date is readily identifiable as commencing the limitations period, rather it is only after the facts are scrutinized with reference to the particular IRS action that the appropriate limitations period can be established. Such a formula stands in marked contrast to the definiteness embodied in our statutory limitations periods
 
 (see, Duffy v Horton Mem. Hosp.,
 
 66 NY2d 473, 476-477;
 
 Caffaro v Trayna,
 
 35 NY2d 245, 251;
 
 Flanagan v Mount Eden Gen. Hosp.,
 
 24 NY2d 427, 429). Indeed, to base a limitations period on the potentiality of IRS action defies the essential premise of temporal finality embodied in Statutes of Limitation.
 

 We are regularly confronted with claims by plaintiffs seeking to expand the breadth and scope of statutes of limitation against professionals in cases involving negligence in the discharge of their services
 
 (see, Goldsmith v Howmedica, Inc.,
 
 67 NY2d 120;
 
 Ossining Union Free School Disk v Anderson LaRocca Anderson,
 
 73 NY2d 417;
 
 New Castle Siding Co. v Wolfson,
 
 63 NY2d 782,
 
 rearg denied
 
 64 NY2d 755). By advocating adoption of an expanded limitations period in this case, plaintiffs argue in favor of an accrual date that coincides with the date IRS determines additional taxes are due, invoking a limitations period triggered upon discovery of the accountant’s error. However, as identified by Supreme Court with reference to
 
 Atkins (supra),
 
 there are at least eight potential dates
 
 [2]
 
 that could trigger a Statute of Limitations in a case involving negligent advice and/or preparation of tax documents by an accountant which can result in a deficiency assessment. Added to these dates is the possibility of stays, extensions or postponements. What this establishes with reasonable probability is that the limitations period is subject to manipulation, rendering it inconsistent with the definite statutory period
 
 *543
 
 governing negligence actions intended to bar adjudication of stale and groundless claims.
 

 The utter lack of predictability inherent in a Statute of Limitations based on the date the IRS assesses a deficiency is apparent from the fact that defendant would remain liable for work performed a decade ago even though traditional principles governing negligence actions instruct that plaintiff was injured, and any claim accrued upon performance of the professional service. As Justice Wallach stated in his dissenting memorandum "[f]or us to adopt th[e] minority
 
 [Atkins]
 
 rule would mean turning our backs on certainty and predictability, and proceeding along an indistinct trail with random and uncertain markings”
 
 (see, Ackerman v Price Waterhouse,
 
 198 AD2d, at 3,
 
 supra).
 
 We therefore adhere to a limitations period measured from the date the taxpayer receives and, as a consequence, relies on the accountant’s advice and/or work product.
 

 III.
 

 As applied to the instant case, plaintiffs suffered no injury until they received the tax forms and schedules prepared by defendant; only upon receipt of the alleged negligently prepared tax documents could plaintiffs, as limited partners, rely upon defendant’s professional skill and advice to their detriment
 
 (see, Fleet Factors Corp. v Werblin,
 
 114 AD2d 996, 997;
 
 Meinhard-Commercial Corp. v Sydney, 109
 
 AD2d 678, 678-679). Thus, pursuant to CPLR 214 (6), the statute has run on all claims except those relating to the New York plaintiffs’ limited partnerships’ tax returns for the 1987 tax year.
 

 In view of the procedural posture of this case, there is an insufficient basis for this Court to address the continuous representation doctrine.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, defendant’s motion to dismiss the complaint dated April 10, 1990 granted to the extent that all claims of negligence and malpractice for tax years prior to 1987 are dismissed, and the certified question answered in the negative.
 

 Judges Simons, Titone, Bellacosa, Smith and Levine concur; Chief Judge Kaye taking no part.
 

 Order reversed, etc.
 

 [1]
 

 . The Rule of 78’s is an accounting convention that allocates greater interest deductions to the early years of a debt.
 

 [2]
 

 . Included are the dates of (1) the initial deficiency report; (2) the audit or examination of books; (3) the 30-day letter; (4) the 60-day letter; (5) the 90-day letter; (6) the actual assessment date; (7) the settlement date; or (8) the judgment of the United States Tax Court.