■ CHARLES ASHMEAD, Appellant, v ERIC J. GROPER, Respondent. [673 NYS2d 779] —Mercure, J. Appeal from an order of the Supreme Court (Bradley, J.), entered November 18, 1996 in Sullivan County, which granted defendant's motion to dismiss the complaint as barred by the Statute of Limitations.

In 1981, plaintiff retained defendant, an attorney, to represent him in connection with his claim for workers' compensation benefits arising out of an August 5, 1981 myocardial infarction. In September 1982, plaintiff received an award for partial disability based on an established average weekly wage of $116.11; in May 1984, the Workers' Compensation Board closed plaintiff's case and made a final allowance of counsel fees to defendant. It is undisputed that defendant performed no additional legal services in connection with plaintiff's compensation claim until at least 1991. In 1995, plaintiff commenced this legal malpractice action alleging defendant's negligence in establishing the average weekly wage at $116.11 and not at $175.65, which plaintiff now asserts was the correct amount. Defendant moved to dismiss the action as barred by the applicable six-year Statute of Limitations (*see, Santulli v Englert,*

*Reilly & McHugh,* 78 NY2d 700, 707-709). Supreme Court granted the motion and plaintiff appeals.

We affirm. Plaintiff's claim of continuous representation between May 1984 and September 1992, when plaintiff obtained a substitution of attorneys, is patently meritless. As noted, during the six-year period following the closing of plaintiff's case, plaintiff sought and defendant provided no services relative to plaintiff's workers' compensation claim. It is established law that a professional's failure to take action or provide services necessary to protect a patient or client's interests cannot of itself constitute a course of treatment or representation (*see, Young v New York City Health & Hosps. Corp.,* 91 NY2d 291; *Nykorchuck v Henriques,* 78 NY2d 255, 259; *see also, Massie v Crawford,* 78 NY2d 516, 519; *National Life Ins. Co. v Hall & Co.,* 67 NY2d 1021, 1023; *Grippi v Jankunas,* 230 AD2d 826, 827, *lv dismissed* 89 NY2d 938). Because plaintiff was unaware of the need for any further legal services in connection with his workers' compensation claim, he was not faced with the dilemma that gave rise to the continuous treatment/representation doctrine (*see, Young v New York City Health & Hosps. Corp., supra*). We conclude that the Statute of Limitations expired, at the very latest, six years* following the closing of plaintiff's case in May 1984 (*see, Santulli v Englert, Reilly & McHugh, supra,* at 709).

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.

---

* We note that by amendment to CPLR 214 (6) effective September 4, 1996, the Legislature fixed the Statute of Limitations applicable to actions to recover damages for malpractice other than medical, dental or podiatric malpractice at three years (L 1996, ch 623). A number of courts have determined that the amendment may not be applied retroactively to claims pending prior to its effective date (*see, e.g., Ruffolo v Garbarini & Scher,* 239 AD2d 8; *Romeo v Schmidt,* 244 AD2d 860), an issue that we need not reach because plaintiff's cause of action is time barred under either limitations period.