■ PILE FOUNDATION CONSTRUCTION Co., INC., Respondent-Appellant, v BERGER, LEHMAN ASSOCIATES, P. C., Appellant-Respondent, and LAWRENCE H. LEHMAN, P. E., Respondent. [676 NYS2d 664] —In an action to recover damages for negligent misrepresentation, malpractice, breach of contract, and constructive fraud, the defendant Berger, Lehman Associates, P. C., appeals from so much of an order of the Supreme Court, Queens County (Schmidt, J.), dated February 24, 1997, as denied those branches of the defendants' motion which were to

dismiss and/or for summary judgment dismissing the plaintiff's first, second, and third causes of action insofar as asserted against it, and the plaintiff cross-appeals from so much of the same order as granted those branches of the defendants' motion which were to dismiss and/or for summary judgment dismissing the fourth cause of action alleging constructive fraud, its claim for punitive damages, and the entire complaint insofar as asserted against the defendant Lawrence H. Lehman, P. E., individually.

Ordered that the order is modified, on the law, by (1) deleting therefrom the provisions denying those branches of the defendants' motion which were to dismiss and/or for summary judgment dismissing the second cause of action alleging negligence/malpractice and the third cause of action alleging breach of contract insofar as asserted against the defendant Berger, Lehman Associates, P. C., and substituting therefor a provision granting those branches of the motion, and (2) deleting therefrom the provision granting that branch of the defendants' motion which was to dismiss and/or for summary judgment dismissing the first cause of action insofar as asserted against the individual defendant, Lawrence H. Lehman, P. E., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, the second and third causes of action are dismissed insofar as asserted against the defendant Berger, Lehman Associates, P. C. and the first cause of action is reinstated insofar as asserted against the individual defendant, Lawrence H. Lehman, P. E.

This action stems from a construction project involving the rehabilitation of certain bridges managed by the Metro-North Commuter Railroad Company (hereinafter Metro-North), a subsidiary of the Metropolitan Transportation Authority. The defendants are the engineering firm retained by Metro-North to design the rehabilitation and prepare the bid documents, and the firm's principal. The plaintiff is the general contractor which was awarded the contract by Metro-North in February 1993 to perform the construction work.

The Supreme Court properly declined to dismiss the plaintiff's first cause of action alleging negligent misrepresentation, as the record reveals that the relationship between the plaintiff and the defendants was so close as to be the functional equivalent of privity (*see, Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417, 424; *Reliance Ins. Co. v Morris Assocs.,* 200 AD2d 728). Moreover, there is a question of fact as to whether the plaintiff and Metro-North, pursu-

ant to their contract, intended that the plaintiff rely solely upon its own investigation prior to submitting its bid proposal (*cf., Billota Constr. Corp. v Village of Mamaroneck,* 199 AD2d 230). This claim should not have been dismissed against the individual defendant, Lawrence H. Lehman, P. E., since, as a principal of the defendant professional corporation, he can be held liable for any wrongful act he committed while rendering professional services on behalf of such corporation (*see,* Business Corporation Law § 1505 [b]).

We further find that the plaintiff's third cause of action, alleging breach of contract, should have been dismissed. Since it is undisputed that there was no contract between the plaintiff and the defendants, recovery is dependent upon a showing that the plaintiff was an intended third-party beneficiary of the contract between Metro-North and the defendants, and not merely an incidental beneficiary thereof. In this regard, the plaintiff has failed to submit any evidence, from the contractual language or otherwise, manifesting a mutual intent of the contracting parties to confer upon it any rights (*see, Howard Sav. Bank v Lefcon Partnership,* 209 AD2d 473; *BIB Constr. Co. v City of Poughkeepsie,* 204 AD2d 947, 948; *Fitzpatrick Constr. Corp. v County of Suffolk,* 138 AD2d 446). The fact that the contract between Metro-North and the defendants contains references to the contemplated construction and bidding of the project is insufficient to demonstrate that the plaintiff was an intended third-party beneficiary. Accordingly, dismissal of this cause of action was warranted.

The second cause of action alleging negligence/malpractice should also have been dismissed since it is barred by the three-year Statute of Limitations applicable to such claims (*see, Ackerman v Price Waterhouse,* 84 NY2d 535).

We have considered the parties' remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.