■ CHRISTINA K. RUGGIERO, Appellant, v MARK L. POWERS, Respondent. [725 NYS2d 759] —Rose, J. Appeal from an order of the Supreme Court (Sise, J.), entered January 12, 2000 in

Hamilton County, which, *inter alia*, partially granted defendant's motion for summary judgment.

This action arises out of defendant's legal representation of plaintiff in an action for a constructive trust brought by Salvatore Miceli against plaintiff in 1989. After Miceli was granted the relief he had requested by an order entered May 28, 1992, defendant timely filed a notice of appeal on plaintiff's behalf. Plaintiff personally ordered the trial transcript for completion before the June 1, 1993 extended deadline for perfecting the appeal, but she never paid the balance due the court reporter nor obtained the transcript, and the appeal was not perfected. In August 1995, over two years later, defendant again represented plaintiff in her unsuccessful application for appointment as cotrustee of the constructive trust imposed by the 1992 order. In 1998, plaintiff commenced the present action against defendant alleging, *inter alia*, legal malpractice and fraud. Both parties moved for summary judgment and plaintiff sought an order directing defendant to produce the transcript of the trial in the constructive trust action. Finding that plaintiff's claims arising from the constructive trust action were barred by the Statute of Limitations, Supreme Court granted defendant's motion as to those claims. Plaintiff now appeals.

We begin with the rule that a claim to recover damages for legal malpractice accrues when the malpractice is committed (*see, Glamm v Allen*, 57 NY2d 87, 94). As the last act of malpractice in the constructive trust action was defendant's alleged failure to perfect plaintiff's appeal, this omission must be deemed to have occurred upon expiration of the extension of time to perfect the appeal on June 1, 1993. The September 1996 amendment to CPLR 214 (6), which was effective immediately (*see*, L 1996, ch 623, § 2), permitted commencement of actions which accrued prior thereto within "the shorter of either the remaining time under the former six-year limitations period or one year from [the] amendment's effective date" (*Brothers v Florence*, 95 NY2d 290, 305). Since the present action was not brought until September 1998, it is time barred unless the Statute of Limitations was tolled by the continuous representation rule (*see, Glamm v Allen, supra*). To invoke the rule, however, there must be " 'clear indicia of an ongoing continuous, developing, and dependent relationship between the client and the attorney' " (*Aaron v Roemer, Wallace & Mineaux*, 272 AD2d 752, 754, *lv denied* 96 NY2d 730, quoting *Luk Lamellen U. Kupplungbau GmbH v Lerner*, 166 AD2d 505, 506).

Despite plaintiff's conclusory allegation that defendant continued to fail to perfect an appeal from the 1992 order despite his assurances to her that such an appeal was pending, there are no clear indicia of the relationship necessary to invoke the continuous representation rule (*see, Aaron v Roemer, Wallace & Mineaux, supra*). Given plaintiff's failure to obtain the trial transcript required to perfect the appeal and the fact that defendant rendered no further legal services with regard to the constructive trust action after June 1993, we find that defendant's representation on this matter did not continue thereafter and that plaintiff's alleged reliance on defendant's later reassurances was not reasonable (*see, Ashmead v Groper*, 251 AD2d 716, 717).

Nor can we accept plaintiff's reply argument that because she was represented by defendant in her 1995 application for appointment as cotrustee under the same index number as used in the earlier action, there was continuous representation in the same matter through July 1997 when the time to perfect the appeal from the denial of her application expired. This subsequent representation fails to toll the limitations period because it occurred after an interval of more than two years and, though premised on the 1992 order resolving Miceli's claim, it was a separate legal proceeding. Accordingly, we find that Supreme Court did not err when it determined that plaintiff could not base her claims on defendant's acts and omissions in the earlier action.

Plaintiff also contends that she adequately pleaded a cause of action for fraud and Supreme Court erred in dismissing that claim. However, because plaintiff's fraud claim is patently premised on the same conduct of defendant that would constitute legal malpractice in representing her, and she asserts nothing more than defendant's failure to take appropriate steps to safeguard her interests, such allegations fail to sustain a cause of action for fraud (*see, White of Lake George v Bell*, 251 AD2d 777, 778; *La Brake v Enzien*, 167 AD2d 709, 711).

Finally, plaintiff contends that Supreme Court erred when it refused to order defendant to turn over the trial transcript from the earlier action. To the extent that plaintiff's claims arise from the earlier action, however, their dismissal for being untimely renders the earlier trial transcript neither material nor necessary in this action (*see*, CPLR 3101; *Dolback v Reeves*, 265 AD2d 625).

Crew III, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.