■ A.H.A. GENERAL CONSTRUCTION, INC., Appellant, v EDELMAN PARTNERSHIP et al., Respondents. [737 NYS2d 85] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered October 12, 2000, which granted defendants' motions to dismiss the complaint, unanimously affirmed, with costs.

Plaintiff alleges that the New York City Housing Authority (NYCHA) engaged defendant The Edelman Group (Edelman) to, among other things, produce and file with the Department of Buildings (DOB) certain structural drawings, plans and specifications (the documents), which were to be used in the bid process for a project calling for the renovation of four abandoned buildings; Edelman was also to provide certain inspections during the construction phase. Edelman engaged defendant Rosenwasser/Grossman Consulting Engineers P.C. (RG), as its structural engineer, and RG's work was to be incorporated by Edelman into the documents. Plaintiff, the general contractor awarded the NYCHA contract in May 1993, further alleges that defendants negligently prepared and/or failed to prepare certain of the required documents, and misrepresented that they had or would perform certain of the required inspections. These misrepresentations allegedly contributed to the collapse of a wall on October 23, 1993, which caused DOB to stop work on October 27, 1993 and NYCHA to hold plaintiff in default on March 24, 1997, all to plaintiff's damage. A lawsuit that plaintiff brought against NYCHA for breach of contract was unsuccessful, whereupon it brought the instant lawsuit against Edelman and RG for breach of contract, negligent misrepresentation and fraud.

Plaintiff's causes of action for breach of contract, which are based on claims that it was a third-party beneficiary of the NYCHA/Edelman and Edelman/RG contracts, lack merit. The NYCHA/Edelman contract expressly provided that it was for the sole and exclusive benefit of the named parties (see, *Board of Mgrs. of Alexandria Condominium v Broadway / 72nd Assoc.*,

285 AD2d 422, 424-425), and it does not avail plaintiff that RG may have been aware that the contractor ultimately awarded the contract would formulate its bid and otherwise rely on the documents it had produced (see, *Pile Found. Constr. Co. v Berger, Lehman Assoc.*, 253 AD2d 484, 486). Indeed, plaintiff was required to and did submit a shoring and bracing plan for the demolition work, which was prepared by its own engineer, and NYCHA found that the collapse occurred because demolition was performed without the bracing required by that plan. Concerning the negligence causes of action, assuming in plaintiff's favor that its relationships with Edelman and RG were such as to approach privity (see, *id.* at 485), such causes of action must nevertheless be dismissed as barred by the three-year statute of limitations in CPLR 214 (6). If plaintiff, as it claims, did not perform its own inspections respecting the structural integrity of the wall because it relied on Edelman's and RG's documents, then the injury it claims was sustained not when it was held in default in March 1997, but when it formulated its bid in December 1992 in reliance on the documents (see, *IFD Constr. Corp. v Corddry Carpenter Dietz & Zack*, 253 AD2d 89, 92-93, citing *Ackerman v Price Waterhouse*, 84 NY2d 535, 541), or, at the latest, when plaintiff was awarded the contract in May 1993. The commencement of the action in May 1998 was therefore untimely. Concerning the fraud cause of action, there could be no reasonable reliance on the alleged misrepresentations where plaintiff was obligated to prepare its own shoring and bracing plan, and the contract documents directed bidders to examine documents, request clarifications and examine the site (see, *id.* at 93). We would add that we perceive no error in the IAS court's finding that all documents necessary for formulation of plaintiff's bid had been filed by March 1992, and that the fraud cause of action is therefore time-barred.

We have considered plaintiff's other arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Sullivan, Wallach and Marlow, JJ.