■ JOHN F. CARNEVALI, Respondent, v RICHARD B. HERMAN, Appellant. [742 NYS2d 85] —In an action, inter alia, to recover damages for legal malpractice, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered April 4, 2001, as denied his motion to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff commenced this action in October 2000 against the defendant alleging legal malpractice and fraud arising from representation provided in 1993 on a real estate transaction. As part of the sale of the plaintiff's property, the plaintiff took back a second mortgage executed by the purchaser, Steven R. Zoernack, in the amount of $40,000. The defendant's closing statement indicated that "the original Second Mortgage was forwarded for recording with the Westchester County Clerk. Upon receipt of a copy of the recorded Second Mortgage, I will promptly forward same to your attention for your records." The plaintiff alleged that he did not learn until 1998, after Zoernack defaulted, that the defendant failed to record the second mortgage executed to secure the promissory note. Before issue was joined, the defendant moved, inter alia, to dismiss the causes of action sounding in legal malpractice as time barred pursuant to CPLR 3211 (a) (5) and to dismiss the fraud cause of action pursuant to CPLR 3211 (a) (7). We now grant that relief.

Pursuant to CPLR 214 (6), an action to recover damages for legal malpractice must be commenced within three years of the accrual of the claim. A claim to recover damages for legal malpractice accrues when the malpractice is committed, not when it is discovered (*see Shumsky v Eisenstein,* 96 NY2d 164, 166;

*Santulli v Englert, Reilly & McHugh,* 78 NY2d 700; *Glamm v Allen,* 57 NY2d 87). Here, the legal malpractice complained of occurred in 1993, more than three years before the commencement of this action, and the statute of limitations was not tolled by the continuous representation doctrine beyond 1994 (*see Santulli v Englert, Reilly & McHugh, supra; Ruggiero v Powers,* 284 AD2d 593; *Kahn v Hart,* 270 AD2d 231; *Tal-Spons Corp. v Nurnberg,* 213 AD2d 395, 397). The only contacts with the defendant after May 1993 asserted by the plaintiff in his affidavit in opposition to the motion to dismiss were in June 1994 when, after unsuccessfully attempting to reach the defendant, he was assured by the defendant's secretary that the second mortgage had been recorded, and in March 1998, after learning that the second mortgage had not been recorded. Since in 1994, the plaintiff was no longer "acutely aware of such need for further representation on the specific subject matter underlying the malpractice claim," the defendant's representation on the matter had ceased at that time (*Shumsky v Eisenstein, supra* at 169; *see Young v New York City Health & Hosps. Corp.,* 91 NY2d 291; *Ashmead v Groper,* 251 AD2d 716). Accordingly, the plaintiff's causes of action sounding in legal malpractice should have been dismissed as time barred.

The cause of action sounding in fraud, commenced in October 2000, is also time barred. Despite the alleged misrepresentation by the defendant's secretary that the second mortgage had been recorded, the plaintiff could have, with reasonable diligence, discovered that the mortgage had not been recorded in June 1994, as he did in March 1998 (*see Julian v Carroll,* 270 AD2d 457; *Lefkowitz v Appelbaum,* 258 AD2d 563; CPLR 203 [g]; 213 [8]). In any event, the plaintiff failed to state a cause of action for fraud separate and distinct from his causes of action for legal malpractice (*see Weiss v Manfredi,* 83 NY2d 974, 977; *Simcuski v Saeli,* 44 NY2d 442, 451-452; *Ruggiero v Powers, supra* at 595; *Sage Realty Corp. v Proskauer Rose,* 251 AD2d 35, 39; *Spinosa v Weinstein,* 168 AD2d 32, 41).

In light of our determination, we need not address the defendant's remaining contentions. Santucci, J.P., Friedmann, H. Miller and Schmidt, JJ., concur.