■ THERESA KERBEIN, Appellant, v MARK HUTCHISON et al., Respondents. [816 NYS2d 591]—

Spain, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered February 24, 2005 in Chemung County, which, inter alia, granted defendants' motion to dismiss the complaint.

Plaintiff commenced this legal malpractice action against defendants in connection with their representation of plaintiff in a workers' compensation discrimination claim against her former employer. Plaintiff agreed to settle her claim for $37,500, based on her belief that the settlement sum would not be treated as taxable income. The settlement hearing was conducted on December 9, 1999, at which point the question of the settlement's taxable status was discussed. Plaintiff accepted the settlement terms with the express stipulation that defendants would have 10 days to investigate the tax consequences of the settlement and, should she choose to, she could withdraw her acceptance during that period. Plaintiff alleges that she called defendants five days later and was informed that the settlement sum would not be treated as taxable income. Thereafter, the Workers' Compensation Board issued its decision approving the settlement on December 24, 1999, rendering the settlement final and closing plaintiff's case. In February 2000, plaintiff discovered that the Internal Revenue Service considered the settlement sum to be taxable income.

Plaintiff filed her summons and complaint in this action on December 19, 2002, alleging legal malpractice, breach of contract and fraud. Defendants successfully moved for dismissal of the complaint on the ground that the malpractice cause of action is barred by the applicable limitations period and that plaintiff failed to state an independent cause of action for breach of contract or fraud. On plaintiff's appeal, we now reverse the dismissal of plaintiff's malpractice cause of action.*

No dispute exists that the statute of limitations governing this legal malpractice action, whether sounding in tort or breach of contract, is three years (*see* CPLR 214 [6]). The determinative issue is at what point plaintiff's cause of action accrued, triggering the commencement of the limitations period (*see McCoy v Feinman,* 99 NY2d 295, 301 [2002]). "[A] claim to recover damages for legal malpractice accrues when the malpractice is committed" (*Ruggiero v Powers,* 284 AD2d 593, 594 [2001], *lv*

---

* Plaintiff does not contest Supreme Court's dismissal of her breach of contract or fraud causes of action.

*dismissed* 97 NY2d 638 [2001]), or "when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court" (*Ackerman v Price Waterhouse,* 84 NY2d 535, 541 [1994]; *see McCoy v Feinman, supra*).

Here, defendants urge us to calculate the limitations period as commencing at the December 9, 1999 hearing or, at the latest, on December 14, 1999 when, according to plaintiff, defendants confirmed that the settlement sum would not be taxable. The record clearly demonstrates, however, that plaintiff had until December 19, 1999 to unilaterally withdraw from the settlement agreement and that the agreement did not become final until December 24, 1999 (*see* Workers' Compensation Law § 32 [b] [3]; *see also* Workers' Compensation Law § 32 [b] [1]; § 123; *Matter of Estate of Lutz v Lakeside Beikirk Nursing Home,* 301 AD2d 688, 690 [2003], *lv dismissed* 99 NY2d 651 [2003]). Although the accrual date for a malpractice claim based on erroneous tax advice has been held to be calculable from the date the taxpayer receives—and relies upon—such advice, rather than when a deficiency is assessed against the taxpayer (*see Ackerman v Price Waterhouse, supra* at 542), the instant case is distinguishable because plaintiff did not detrimentally rely upon the advice given to her by her attorneys until the settlement agreement became binding. Unlike in *Ackerman,* the taxpayer here (plaintiff) is not seeking to postpone the accrual of her cause of action until her discovery—through action taken by the Internal Revenue Service, a third party—that she has suffered damages but, appropriately, only until the point she suffered an "actionable injury"; here, her injury did not become actionable—and thus did not accrue—at any point prior to December 19, 1999 when her option to unilaterally withdraw from the settlement agreement ended (*McCoy v Feinman, supra* at 305; *Ruggiero v Powers, supra* at 594; *Ashmead v Groper,* 251 AD2d 716, 716-717 [1998]; *cf. Ackerman v Price Waterhouse, supra* at 542; *Glamm v Allen,* 57 NY2d 87, 94 n 2 [1982]). Thus plaintiff's complaint, filed on December 19, 2002, was timely.

Cardona, P.J. and Peters, J., concur.

Mugglin, J. (concurring). We concur in the result reached, but not in the rationale employed by the majority. When erroneous tax advice is the gravamen of a malpractice complaint, the "limitations period [is] measured from the date the taxpayer receives and, as a consequence, relies on" the advice (*Ackerman v Price Waterhouse,* 84 NY2d 535, 543 [1994]). Here, that date was December 14, 1999, and plaintiff's malpractice cause of action was barred as of December 14, 2002 unless the statute of limitations was tolled or extended. These defendants continued to

represent plaintiff with respect to this matter until at least December 24, 1999, when the Workers' Compensation Board approved the settlement agreement. As a consequence, commencement of the malpractice action on December 19, 2002 was timely (*see McCoy v Feinman*, 99 NY2d 295 [2002] [wherein it was held that the plaintiff suffered actual injury due to her attorney's malpractice on the date that the stipulation of settlement was entered into or, at the latest, when the judgment incorporating it was filed]).

Crew III, J., concurs. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion dismissing the malpractice cause of action; motion denied to that extent; and, as so modified, affirmed.