■ MAURICE W. POMFREY & ASSOCIATES, LTD., Doing Business as POMCO, et al., Appellants-Respondents, v HANCOCK & ESTABROOK, LLP, Respondent-Appellant. [— NYS2d —]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered December 1, 2006 in a legal malpractice action. The order granted defendant's motion in part and dismissed plaintiffs' first, third and fourth causes of action and the second cause of action of the individual plaintiffs.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages arising from defendant's alleged legal malpractice in connection with the employment agreement of a former executive employee of plaintiff Maurice W. Pomfrey & Associates, Ltd., doing business as POMCO (POMCO). In the first cause of action, plaintiffs allege, inter alia, that defendant was negligent in drafting the employment agreement and in advising them of the effect of its terms. In the second cause of action, plaintiffs allege that defendant was negligent in representing them in the litigation instituted by the former executive employee for breach of the employment agreement, resulting in a judgment against them for $549,853.12.

We conclude that Supreme Court properly granted that part of defendant's motion seeking dismissal of the first cause of action, but our reasoning differs from that of the court. Defendant sought dismissal of the first cause of action based on documentary evidence (*see* CPLR 3211 [a] [1]), and as time-barred (*see* CPLR 3211 [a] [5]), and we conclude that the court should have granted that part of defendant's motion as time-barred rather than based on documentary evidence. "Under CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]), and here, the employment agreement does not conclusively establish a defense to the first cause of action as a matter of law. According to plaintiffs, the terms of the employment agreement did not accurately reflect their intentions or objectives, and defendant did not adhere to their instructions in drafting the employment agreement or accurately represent to them the effect of its terms. The fact that plaintiffs are bound by the terms of the employment agreement does not defeat the first cause of action as a matter of law (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 305 [2001]). "[T]he conclusiveness of the underlying agreement does not absolutely preclude [a cause of] action for professional malpractice against an attorney for negligently giving to a client an incorrect explanation of the contents of a legal document" (*Bishop v Maurer*, 9 NY3d 910, 911 [2007]), or for failing to draft an agreement accurately reflecting plaintiffs' understanding of the transaction (*see Mandel, Resnik & Kaiser, P.C. v E.I. Elecs., Inc.*, 41 AD3d 386, 388 [2007]).

We nevertheless agree with defendant that the first cause of action was time-barred pursuant to CPLR 3211 (a) (5). That cause of action accrued in January 1994, when defendant's alleged malpractice in drafting the employment agreement was

committed (*see Carnevali v Herman*, 293 AD2d 698, 698-699 [2002]), and this action was not commenced until October 2005, well past the expiration of the applicable three-year statute of limitations (*see* CPLR 214 [6]). We reject plaintiffs' contention that the statute of limitations was tolled by the continuous representation doctrine. That doctrine "tolls the running of the statute of limitations on a cause of action against a professional defendant only so long as the defendant continues to represent the plaintiff[s] 'in connection with the particular transaction which is the subject of the action and not merely during the continuation of a general professional relationship' " (*Transport Workers Union of Am. Local 100 AFL-CIO v Schwartz*, 32 AD3d 710, 713 [2006], *lv dismissed* 7 NY3d 922 [2006], *rearg denied* 8 NY3d 942 [2007]). Although plaintiffs allege that defendant continued to provide legal services to them between 1994 and 2004, they did not seek or obtain defendant's services in connection with the employment agreement until March 2000, more than three years after the statute of limitations had expired (*see Carnevali*, 293 AD2d at 699).

We further conclude that the court properly denied that part of defendant's motion seeking dismissal of the second cause of action pursuant to CPLR 3211 (a) (7) insofar as that cause of action is asserted on behalf of POMCO. Accepting the allegations as true, according POMCO the benefit of every possible favorable inference arising therefrom, and evaluating the allegations only with respect to whether they fit within any cognizable legal theory, we conclude that the second cause of action states a cause of action for legal malpractice (*see Gelfand v Oliver*, 29 AD3d 736, 737 [2006]; *Feinberg v Boros*, 17 AD3d 275, 276 [2005]). The contentions of defendant with respect to the merits of POMCO's allegations and the reasonableness of POMCO's litigation strategy are not appropriately resolved on a motion pursuant to CPLR 3211 (a) (7) (*see generally Gelfand*, 29 AD3d at 737). Present—Hurlbutt, J.P., Martoche, Fahey, Green and Gorski, JJ.