SUMMARY ORDER
Plaintiff-Appellant Edward H. Arnold appeals from a judgment of the United States District Court for the Southern District of New York (Crotty, J.) dismissing his third amended complaint. In August 2005, Plaintiff commenced the instant action against Defendant-Appellees KPMG LLP (“KPMG”) and Sidley Austin Brown & Wood LLP (“Brown & Wood”) for federal securities fraud pursuant to Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5, and for several New York law causes of action, the gravamen of which was professional malpractice. The district court granted Defendants’ motion to dismiss Plaintiffs amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on statute of limitations grounds. We assume the parties’ *351 familiarity with the underlying facts and the procedural history of the case, as well as the issues on appeal. See Arnold v. KPMG LLP, 543 F.Supp.2d 230, 231-34 (S.D.N.Y.2008).
"We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks and citation omitted). A complaint must plead "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
Federal Securities Law Claim
At the time of Plaintiffs securities transactions, claims under Section 10(b) of the Securities Exchange Act of 1934 and Rule lOb-S had to be brought "within one year after the discovery of the facts constituting the violation and within three years after such violation." Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 364, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991); see also In re Lawrence, 293 F.3d 615, 620-21 (2d Cir.2002).[1] The three-year statute of repose in federal securities law claims "starts to run on the date the parties have committed themselves to complete the purchase or sale transaction." Groudahl v. Merritt & Harris, Inc., 964 F.2d 1290, 1294 (2d Cir.1992) (emphasis omitted).
Here, Plaintiffs claim is based on a series of securities transactions he executed beginning in September 1997 and ending in December 1997, with the last of these transactions occurring on December 31, 1997. Plaintiff did not commence this suit until August 19, 2005. Accordingly, the district court correctly concluded that Plaintiffs federal securities claims were time-barred as of December 31, 2000, almost five years before the commencement of this action. Plaintiffs contention that the period of repose begins to run at the time of the last alleged misrepresentation (even when made after the final purchase or sale of the securities) ignores the applicable limitations period, and thus, is devoid of merit.
State Law Claims
 As the district court concluded (and Plaintiff conceded), his various state law claims against KPMG and Brown & Wood merged into a single claim for professional malpractice against both Defendants. Under New York law, an action for professional malpractice, either legal or accounting, must be commenced within three years from the date of accrual. See N.Y. C.P.L.R. § 214(6). "A claim accrues when the malpractice is committed, not when the client discovers it." Williamson v. PricewaterhouseCoopers LLP, 9 N.Y.3d 1, 7-8, 840 N.Y.S.2d 730, 872 N.E.2d 842 (2007); see also Glamm v. Allen, 57 N.Y.2d 87, 93, 453 N.Y.S.2d 674, 439 N.E.2d 390 (1982). An accounting malpractice claim "accrues upon the client's receipt of the accountant's work product since this is the point that a client reasonably relies on the accountant's skill and advice and, as a consequence of such reliance, can become liable for tax deficiencies." Ackerman v. Price Waterhouse, 84 N.Y.2d 535, 541, 620 N.Y.S.2d 318, 644 N.E.2d 1009 (1994). At this time, "all the facts necessary to the *352 cause of action have occurred and an injured party can obtain relief in court.” Id.
To sustain a claim for legal malpractice in New York, a plaintiff must demonstrate that the “attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession which results in actual damages to a plaintiff and that the plaintiff would have succeeded on the merits of the underlying action ‘but for’ the attorney’s negligence.” AmBase Corp. v. Davis Polk & Wardwell, 8 Ñ.Y.Sd 428, 434, 834 N.Y.S.2d 705, 866 N.E.2d 1033 (2007) (internal citation omitted). Such a claim accrues “when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court.” McCoy v. Feinman, 99 N.Y.2d 295, 301, 755 N.Y.S.2d 693, 785 N.E.2d 714 (2002) (internal quotation marks and citation omitted). Generally, “this accrual time is measured from the day an actionable injury occurs, even if the aggrieved party is then ignorant of the wrong or injury.” Id. (internal quotation marks and citation omitted). It is well-settled that the relevant inquiry is “when the malpractice was committed, not when the client discovered it.” Id. (internal quotation marks and citation omitted).
We agree with the district court that the three-year statute of limitations period began to run on the accounting malpractice claim against KPMG no later than May 13, 1998, the date when KPMG issued its formal opinion letter to Plaintiff. Thus, Plaintiffs malpractice claim was time-barred as of May 13, 2001. This rule applies with equal force to the legal malpractice claim asserted against Brown & Wood. Brown & Wood issued its legal opinion letter (which contained the allegedly incorrect legal advice upon which Plaintiffs claims are based), on August 28,1998; thus, the claims asserted against it were similarly time-barred three years from that date. Moreover, as set forth in the well-reasoned opinion of the district court, Plaintiff cannot avoid the statute of limitations bar by claiming that the limitations period was tolled because of the continuous representation doctrine or fraudulent concealment. See Arnold, 543 F.Supp.2d at 236-37.

Request to Replead the Complaint

Under the Federal Rules of Civil Procedure, “[a] party may amend its pleading once as a matter of course ... before being served with a responsive pleading.” Fed.R.Civ.P. 15(a)(1). Otherwise, a party may amend its pleading by leave of the court which should be “freely give[n] ... [when] justice so requires.” Fed.R.Civ.P. 15(a)(2). “A district court has broad discretion to decide whether to grant leave to amend, a decision that we review for an abuse of discretion.” Joblove v. Barr Labs. Inc. (In re Tamoxifen Citrate Antitrust Litig.), 429 F.3d 370, 404 (2d Cir.2005). “[W]here .the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied.” Hayden v. County of Nassau, 180 F.3d 42, 53 (2d Cir.1999). Although leave to amend should be liberally granted, it may properly be denied for “undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.” Ruotolo, 514 F.3d at 191 (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).
We conclude that the district court acted well within its discretion in denying Plaintiff leave to amend his complaint. Plaintiff failed to identify those facts that would save his complaint, should he be granted *353 leave to amend, with sufficient specificity. Although Plaintiff asserts he brought certain facts to the district court’s attention at oral argument on the motion to dismiss, a review of the transcript of that hearing reveals that Plaintiff proffered only vague and general allegations of “communications” and “conversations” between Plaintiff and Defendants. The district court did not abuse its discretion in denying Plaintiff leave to amend under these circumstances. See Porat v. Lincoln Towers Cmty. Ass’n, 464 F.3d 274, 276 (2d Cir.2006).
Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

. The Sarbanes-Oxley Act of 2002 extended the statute of repose to two years after discovery of the alleged fraud and five years from the date of the securities transaction at issue. See 28 U.S.C. § 1658(b). But these new pen-ods do not apply retroactively to revive causes of action time-barred before July 30, 2002. See In re Enter. Mortg. Acceptance Co., LLC Sec. Litig., 391 F.3d 401, 411 (2d Cir.2004).