■ Roy E. Hahn et al., Appellants, v Dewey & LeBoeuf Liquidation Trust et al., Respondents. [39 NYS3d 30]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered August 6, 2015, which, to the extent appealed from as limited by the briefs, dismissed the amended complaint as time-barred, unanimously affirmed, without costs.

In their 2014 complaint, plaintiffs allege, inter alia, legal malpractice in connection with the defendant law firms' erroneous tax advice, which plaintiffs relied upon to their detriment when, in 2012, the Internal Revenue Service assessed promoter penalty fines in excess of $7 million for failure to register a tax shelter, and denied plaintiffs any protection under the "safe harbor" provisions of Internal Revenue Code (26 USC) § 6707 (former [a] [1]).

Supreme Court properly dismissed the complaint as time-barred under the three year statute of limitations applicable to professional malpractice claims (CPLR 214 [6]). "A legal malpractice claim accrues 'when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court'" (*McCoy v Feinman*, 99 NY2d 295, 301 [2002], quoting *Ackerman v Price Waterhouse*, 84 NY2d 535, 541 [1994]). Here, defendants established that the causes of action alleging legal malpractice accrued in 2000-2001, when they issued opinion letters and rendered advice that plaintiffs were not required to register a tax shelter (*see Ackerman* at 541-543; *Landow v Snow Becker Krauss, P.C.*, 111 AD3d 795, 796 [2d Dept 2013]). Although plaintiffs claim not to have discovered that this advice was incorrect until years later, " '[w]hat is important is when the malpractice was committed, not when the client discovered it'" (*McCoy v Feinman*, 99 NY2d at 301, quoting *Shumsky v Eisenstein*, 96 NY2d 164, 166 [2001]). Therefore, since the plaintiffs did not commence this action

until March 2014, more than three years after their claims for legal malpractice accrued, the complaint was properly dismissed as time-barred.

Contrary to plaintiffs' argument, the special facts doctrine is inapplicable. The doctrine generally applies to claims of fraud in sales transactions (*Jana L. v West 129th St. Realty Corp.*, 22 AD3d 274, 277 n 2 [1st Dept 2005]). Further, at the time defendants rendered erroneous tax advice, neither the applicable statute of limitations nor precedent establishing the accrual date of malpractice claims (*see Ackerman*) were peculiarly within defendants' knowledge (*Jana L.* at 278), and that same information could have been discovered by plaintiffs through the exercise of ordinary intelligence (*id.*). Concur—Friedman, J.P., Andrias, Saxe, Feinman and Kahn, JJ. ■