Lemle v Regen, Benz & MacKenzie, C.P.A's, P.C. (2018 NY Slip Op 06487)





Lemle v Regen, Benz & MacKenzie, C.P.A's, P.C.


2018 NY Slip Op 06487


Decided on October 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018

Renwick, J.P., Gische, Kahn, Kern, Moulton, JJ.


7201 652579/17

[*1]Laura Lemle, Plaintiff-Respondent,
v
Regen, Benz & MacKenzie, C.P.A's, P.C., et al., Defendants-Appellants.


Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Peter J. Larkin of counsel), for appellants.
Herrick Feinstein LLP, New York (Ross L. Hirsch of counsel), for respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered December 4, 2017, which denied defendants' motion to dismiss the complaint as time-barred, unanimously affirmed, with costs.
Plaintiff brought this action in May 2017, alleging accounting malpractice in connection with defendants' preparation of her personal income tax returns for 2012. Her claim accrued in October 2013, when she filed the tax returns (see Ackerman v Price Waterhouse, 84 NY2d 535, 541 [1994]; CPLR 214). However, because the statute of limitations was tolled pursuant to the continuous representation doctrine, the claim is not time-barred (see Williamson v PricewaterhouseCoopers LLP, 9 NY3d 1 [2007]).
On plaintiff's 2012 tax returns, defendants characterized a certain set of transactions relating to interests in real estate as a "sale." In December 2015 (within the statutory limitations period), plaintiff received a letter from the New York State Department of Taxation and Finance (DTF) informing her that her 2013 tax return, also prepared by defendants, was going to be audited, and seeking an explanation of why she continued to claim expenses incurred in connection with the real estate that her 2012 return listed as "sold." Plaintiff forwarded the letter to defendants, and defendants prepared and submitted a response to DTF. Ultimately, DTF assessed millions of dollars in additional taxes against plaintiff as a result of the 2012 characterization.
Without any new engagement by plaintiff, defendants undertook to respond to DTF's audit letter, defending or at least explaining the treatment given the properties on the 2012 return. This service is sufficiently related to the specific subject matter of the alleged malpractice — the characterization of the transaction as a sale in 2012 — to support application of the continuous representation doctrine (compare Ackerman v Price Waterhouse, 252 AD2d 179, 205 [1st Dept 1998] [defendants' defense of repeated use of improper accounting method in subsequent audit supported application of continuous representation doctrine], with Williamson, 9 NY3d at 10-11 [no continuous representation where defendants never engaged in corrective or remedial services in connection with particular problems that gave rise to malpractice claims]). By contrast, the otherwise broad and continuous range of services that defendants provided to plaintiff over the [*2]years that did not concern the specific subject matter of the alleged malpractice is insufficient to support application of the doctrine.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 2, 2018
CLERK