Integrated Media Res., LLC v. Morley

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand twenty-three.**

**PRESENT:**

> **JOHN M. WALKER, JR.,**
> **REENA RAGGI,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

_____

**Integrated Media Resources, LLC,**

> *Plaintiff-Appellant,*

> **v.**

**Jonathan Todd Morley, David Sams, Jonathan Lerman, Maria Boyazny, Dori V. Karjian,**                No. 22-967
> *Defendants-Appellees.*\*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | ELIZABETH M. DEL CID (William A. Brewer, III, *on the brief*), Brewer, Attorneys & Counselors, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | GEORGE H. ROWE (Howard Schiffman, Schulte Roth & Zabel LLP, Washington, DC, *on the brief*), Schulte Roth & Zabel LLP, New York, NY. |

_____

\* The Clerk is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Integrated Media Resources, LLC ("IMR") alleges that Defendants made various fraudulent misrepresentations both before and after IMR's purchase of $1.5 million of stock in Defendants' company in 2014. IMR sued Defendants in 2021 for securities fraud under Section 10(b) of the Securities Exchange Act and SEC Rule 10b-5, and under state law. The district court granted Defendants' motion to dismiss the Section 10(b) claim as untimely and declined to exercise supplemental jurisdiction over the state-law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's grant of a motion to dismiss, including legal conclusions concerning the court's interpretation and application of a statute of limitations." *Castagna v. Luceno*, 744 F.3d 254, 256 (2d Cir. 2014) (cleaned up).

IMR argues that its federal securities fraud claim—brought in 2021—is timely because the complaint alleges misrepresentations through at least 2019. Defendants argue that the claim is untimely because the five-year statute of repose began running when IMR completed its single purchase of stock in 2014.

The district court correctly dismissed IMR's Section 10(b) claim as untimely. IMR's claims based on Defendants' alleged misrepresentations from before 2014 are time-barred because IMR did not bring suit until 2021. 28 U.S.C. § 1658(b)(2) (private actions for securities fraud

under Section 10(b) must be brought "not later than . . . 5 years after [the] violation"). And IMR's claims based on alleged misrepresentations made after its purchase of stock in 2014 cannot be the basis for a claim under Section 10(b) because the statements could not have been "in connection with the purchase or sale of any security." 15 U.S.C. § 78j(b); *see also Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 387 (2014) ("A fraudulent misrepresentation or omission is not made in connection with such a purchase or sale of a covered security unless it is material to a decision by one or more individuals (other than the fraudster) to buy or to sell a covered security." (internal quotation marks omitted)); *Lawrence v. Cohn*, 325 F.3d 141, 154 (2d Cir. 2003) (holding that alleged misrepresentations that "fraudulently induced [plaintiff] to forgo" purchase or sale "did not affect or 'touch' the actual purchase made by plaintiffs"). Any alleged misrepresentations made after IMR's purchase of stock in 2014 thus cannot extend the statute of repose. *See, e.g.*, *Arnold v. KPMG LLP*, 334 F. App'x 349, 351 (2d Cir. 2009) ("Plaintiff's contention that the period of repose begins to run at the time of the last alleged misrepresentation (even when made after the final purchase or sale of the securities) ignores the applicable limitations period, and thus, is devoid of merit.").[1]

---

[1] To the extent that IMR argues for leave to amend, IMR failed to raise this argument in its briefs on appeal and thus waived it. *Chevron Corp. v. Donziger*, 990 F.3d 191, 204 n.8 (2d Cir. 2021). In any case, amendment would be futile because IMR has not "explained how [it] could cure the deficiencies that led to the dismissal of [the] complaint." *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 140 (2d Cir. 2011).

We have considered all of Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court