Board of Mgrs. of Cipriani Club Residences at 55 Wall Condominium v Howard L. Zimmerman Architects & Engrs. DPC (2024 NY Slip Op 04597)

Board of Mgrs. of Cipriani Club Residences at 55 Wall Condominium v Howard L. Zimmerman Architects & Engrs. DPC

2024 NY Slip Op 04597

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Pitt-Burke, JJ. 

Index No. 650480/22 Appeal No. 2638 Case No. 2023-04627 

[*1]The Board of Managers of Cipriani Club Residences at 55 Wall Condominium, Plaintiff-Appellant,
v
Howard L. Zimmerman Architects & Engineers DPC, Defendant, Howard L. Zimmerman, Defendant-Respondent. [And A Third-Party Action]

Peckar & Abramson, P.C., New York (Brian D. Waller of counsel), for appellant.
Tannenbaum Helpern Syracuse & Hirschtritt LLP, New York (Adam M. Felsenstein of counsel), for respondent.

Order, Supreme Court, New York County (Dakota Ramseur, J.), entered June 2, 2023, which granted individual defendant Howard L. Zimmerman's motion to dismiss the cause of action for professional malpractice and the cause of action for negligent misrepresentation as against him based on the statute of limitations, unanimously affirmed.
Plaintiff's cause of action for professional malpractice against Zimmerman is time-barred by the three-year statute of limitations for a claim sounding in professional malpractice against an architect (CPLR 214[6]; New York City Sch. Constr. Auth. v Ennead Architects, LLP, 148 AD3d 618, 618 [1st Dept 2017]). That cause of action accrued upon "termination of the professional relationship"— that is, when Zimmerman completed his "performance of significant (i.e. non-ministerial) duties under the parties' contract" (Sendar Dev. Co., LLC v CMA Design Studio P.C., 68 AD3d 500, 503 [1st Dept 2009]; see Matter of Kohn Pederson Fox Assoc. [FDIC], 189 AD2d 557, 558 [1st Dept 1993]). The professional relationship between plaintiff and Zimmerman ended on October 19, 2016, the last date that Zimmerman personally took any action with respect to the renovation project by signing the last invoice submitted by plaintiff's contractor. Plaintiff did not commence the action against Zimmerman until January 31, 2022, more than five years later — well after the three-year limitations period had already run.
The doctrine of continuous representation does not apply to save the professional malpractice cause of action against Zimmerman, as the complaint alleges no facts suggesting that Zimmerman's personal involvement in the project continued beyond October 2016. Nor, as Supreme Court noted, does the complaint allege that any later professional services rendered by defendant Howard L. Zimmerman Architects & Engineers DPC (HLZAE), the company of which Zimmerman was a principal, were related to the services provided under the original agreement between plaintiff and HLZAE — a necessary circumstance for application of the continuous representation doctrine (see Booth v Kriegel, 36 AD3d 312, 314 [1st Dept 2006]; see also Pace v Horowitz, 190 AD3d 619, 619 [1st Dept 2021]). At most, plaintiff merely speculates that further discovery might uncover facts supporting application of the doctrine. This speculation is insufficient to prevent dismissal on the basis of the three-year statute of limitations (see Walsh v Wallace Law Off., 203 AD3d 684, 685 [1st Dept 2022]; Pace, 190 AD3d at 619).
The cause of action sounding in negligent misrepresentation, which accrues on the date of the alleged misrepresentation relied upon by the plaintiff, was also properly dismissed (CPLR 214[6]; see A.H.A. Gen. Constr. v Edelman Partnership, 291 AD2d 239, 240 [1st Dept 2002]). IFD Constr. Corp. v Corddry Carpenter Dietz & Zack (253 AD2d 89, 92-93 [1st Dept 1999]) supports this position, despite plaintiff's argument to the contrary.
THIS CONSTITUTES THE DECISION [*2]AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024