■ COUNTY OF SUFFOLK, Appellant, v SUFFOLK COUNTY WATER AUTHORITY, Respondent.—In a negligence and nuisance action to recover for property damages, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered June 2, 1986, as granted the defendant's motion for an extension of time to serve an answer containing a counterclaim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The events giving rise to the instant action occurred on July 26, 1984, when the plaintiff's sewage facilities were allegedly damaged as a result of leakage from the defendant's water main. The plaintiff served a summons and complaint on September 19, 1985. On October 10, 1985, one day after its answer was due, the defendant served an unverified answer which contained a counterclaim. The plaintiff rejected the answer as untimely. Thereafter, the defendant obtained an order extending its time to serve an answer and to assert a counterclaim. Pursuant to that order, the defendant served a verified answer with a counterclaim on or about July 15, 1986.

The plaintiff contends that it was error to extend the defendant's time to serve an answer which contained a counterclaim, since the Statute of Limitations governing the counterclaim expired on October 24, 1985 (General Municipal Law § 50-i [1] [c]). We disagree.

Pursuant to CPLR 203 (c), a counterclaim is deemed inter-

posed, for Statute of Limitations purposes, as of the time the summons is served *(see,* CPLR 203 [c]; *Styles v Gibson,* 27 AD2d 784; Siegel, NY Prac § 48). Here, the plaintiff's summons was served on September 19, 1985, prior to the expiration of the Statute of Limitations for the defendant's counterclaim. Thus, since the counterclaim was "not barred at the time the claims asserted in the complaint were interposed" (CPLR 203 [c]), it is timely. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.