■ PROSKAUER ROSE GOETZ & MENDELSOHN L. L. P., Appellant, v FREDERICK R. MUNAO et al., Respondents. [704 NYS2d 590] —Order, Supreme Court, New York County (Emily Goodman, J.), entered April 16, 1999, which, in an action to recover a legal fee, insofar as appealed from, denied plaintiff law firm's motion to dismiss defendant clients' counterclaims alleging legal malpractice, unanimously affirmed, without costs.

Defendants' counterclaims alleging legal malpractice are not barred by the three-year Statute of Limitations of CPLR 214

(6). The counterclaims accrued in April 1991, when plaintiff allegedly gave defendants negligent advice that they could shelter income through a certain joint venture (*see, Ackerman v Price Waterhouse*, 84 NY2d 535). Plaintiff filed a summons with notice on October 8, 1996, and served a complaint in December 1996, to which defendants responded, in January 1997, with an answer containing counterclaims alleging the negligent advice. October 8, 1996 therefore marks the timeliness of the counterclaims (CPLR 203 [d]; *see, County of Suffolk v Suffolk County Water Auth.*, 139 AD2d 559). While amended CPLR 214 (6), which reduced what would have been a six-year Statute of Limitations in this case to three years, applies to claims, such as these, interposed after its effective date of September 4, 1996, due process requires that such claims be entertained if brought within a reasonable time after September 4, 1996—clearly the case here, where the claims were presumably interposed only one month, and actually interposed only four months, after September 4, 1996 (*see, Coastal Broadway Assocs. v Raphael*, 246 AD2d 445). Plaintiff's characterization of the counterclaims as "new" is disingenuous. They are the same counterclaims that defendants first asserted in January 1997, which the IAS Court erroneously dismissed in July 1997 on the ground that no cause of action was stated absent an allegation of an IRS assessment (*cf., Ackerman v Price Waterhouse, supra*), and for which it then granted defendants leave to replead in May 1998 after the IRS made such an assessment. As such, the counterclaims should be deemed contemporaneous with defendants' original, timely pleading (CPLR 203 [f]). Nor is there merit to plaintiff's claim that the counterclaims fail to state a cause of action. The extent to which defendants incurred taxes and related expenses they would not otherwise have incurred but for plaintiff's advice, and the extent to which defendants realized any offsetting profits as a result of that advice, is not apparent on the face of the complaint, and goes to the issue of defendants' damages, if any, not the sufficiency of their pleading, which gives ample notice of identifiable losses allegedly sustained as a direct result of plaintiff's advice (*see, Kramer v Belfi*, 106 AD2d 615; *cf., Lama Holding Co. v Smith Barney*, 88 NY2d 413, 422-423). We also reject plaintiff's claim that the joint venture agreement conclusively establishes, as a matter of law, that it never advised defendants that they would not incur any taxes as a result of the venture. The language on which plaintiff relies, which is at best abstruse, suggests that defendants *might* have been advised that taxes *might* be due, not that they *were* advised that taxes *would* be due (*see, Leon v Martinez*, 84 NY2d

83, 88). The extent to which the agreement evinces any understanding of the parties that bears on the malpractice claim, if at all, remains, at this stage of the proceedings, unresolved. In any event, it does not provide a basis to dismiss upon the pleadings. Concur—Williams, J. P., Tom, Lerner, Rubin and Saxe, JJ.