■ Nuri Kocak et al., Appellants, v Bruce Egert et al., Respondents. [722 NYS2d 227] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about August 31, 1999, which, insofar as appealed from, denied plaintiffs' motion for leave to serve an amended complaint in this legal malpractice action, with leave to renew upon submission of a further amended complaint consistent with the court's decision, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and the further amended complaint is deemed served and filed with leave to defendants to answer not later than 20 days from the date of this order.

The motion court improvidently exercised its discretion in denying leave to serve the proposed amended complaint. Where, as here, the proposed amended pleading stated meritorious causes of action supported by affidavits and evidentiary showings, and there was no apparent prejudice to the opposing party, leave to amend is to be "freely given" (CPLR 3025 [b]; *see, Barbour v Hospital for Special Surgery*, 169 AD2d 385; *Daniels v Empire-Orr, Inc.*, 151 AD2d 370, 371; *Silvin v Karwoski*, 242 AD2d 945). On the record before us, the motion

court erred in finding that certain of the factual claims could not support a cause of action and that certain of the alleged damages were too speculative to be recovered. Plaintiffs' allegations of malpractice based upon defendants' negligence in representing plaintiffs' interests at the May 22, 1995 hearing sufficiently state a cause of action. The hearing addressed a motion for a preliminary injunction and the continuation of a coextensive TRO, both of which were granted, although the preliminary injunction did not go into effect until over a year later. As plaintiffs showed, defendants' failure at that time to oppose the motion more effectively—by presenting evidence of plaintiffs' ownership of the corporate assets at issue and requesting the posting of an undertaking as a condition to the continuation of the TRO—and to have the hearing transcribed, could be found, under the circumstances, to have resulted in the November 1995 contempt order against plaintiffs and the damages caused thereby. The same is true of plaintiffs' allegations concerning defendants' erroneous advice that the TRO had expired at the May 22, 1995 hearing and their subsequent failure at the contempt hearing to oppose contempt sanctions on the ground that plaintiffs had relied on counsel's erroneous advice in engaging in the allegedly contemptuous conduct.

Plaintiffs, in their allegations as to the scope of damages, sufficiently pleaded at this early, pre-discovery stage of the proceedings that "but for" defendant law firm's alleged malpractice, plaintiffs "would have avoided some actual ascertainable damage" (*IMO Indus. v Anderson Kill & Olick*, 267 AD2d 10, 11). The recoverability of non-pecuniary damages arising from plaintiff Kocak's imprisonment for contempt, apparently raised by the motion court, *sua sponte*, is not at issue here.

We have reviewed defendants' contentions regarding the subsequent order of the motion court and its effect upon this appeal and find them meritless. Concur—Williams, J. P., Mazzarelli, Ellerin, Wallach and Saxe, JJ.