INTERNATIONAL SHOPPES, INC., et al., Appellants, v ARLEIGH SPENCER, Respondent. [825 NYS2d 483]—

In an action, inter alia, to recover damages for defamation, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), dated March 1, 2005, as granted those branches of the defendant's motion pursuant to CPLR 3211 (a) (7) which were to dismiss the first and the third through seventh causes of action and denied their cross motion for leave to amend the complaint by adding eighth and ninth causes of action, and (2) from an order of the same court dated June 30, 2005, which denied their second motion for leave to amend the complaint by adding tenth and eleventh causes of action.

Ordered that the order dated March 1, 2005 is modified, on the law and facts, by (1) deleting the provisions thereof granting those branches of the defendant's motion which were to dismiss the third, fourth, and seventh causes of action, and substituting therefor a provision denying those branches of the defendant's motion, and (2) deleting the provision thereof denying the plaintiffs' cross motion for leave to amend the complaint by adding eighth and ninth causes of action and substituting therefor a provision granting the cross motion; as so modified, the order dated March 1, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated June 30, 2005 is reversed, on the law, and the plaintiffs' motion for leave to amend the complaint by adding a tenth and eleventh cause of action is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The defendant was employed by the plaintiffs as a payroll clerk. The plaintiffs commenced this action to recover damages, inter alia, for defamation, alleging that the defendant made statements accusing them of fraudulent and illegal conduct concerning the payroll. The defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint. The plaintiffs sought leave to amend their complaint to add four additional causes of action. The Supreme Court denied the plaintiffs leave to amend their complaint and granted those branches of the defendant's motion which were to dismiss the first and the third through seventh causes of action.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must accept as true the facts alleged in the complaint and afford the plaintiffs the benefit of every possible favorable inference in determining whether the complaint states any legally cognizable cause of action (*see Schenkman v New York Coll. of Health Professionals,* 29 AD3d 671 [2006]). Where evidentiary material is submitted, the court is required to determine whether the proponent of the pleading has a cause of action, not whether he or she has stated one (*see Hartman v Morganstern,* 28 AD3d 423 [2006]). Here, applying this standard, the Supreme Court erred in dismissing the third, fourth, and seventh causes of action (*see Liberman v Gelstein,* 80 NY2d 429 [1992]; *Residence on Madison Condominium v Gallagher & Assoc.,* 271 AD2d 209 [2000]; *Gatz v Otis Ford,* 262 AD2d 280 [1999]). Whether or not the alleged defamatory statements were substantially true—e.g., whether the plaintiffs engaged in fraudulent and illegal activity concerning the payroll—cannot be determined as a matter of law on the record presented (*see Kamalian v Reader's Digest Assn., Inc.,* 29 AD3d 527 [2006]; *Kehm v Murtha,* 286 AD2d 421 [2001]).

The Supreme Court improvidently exercised its discretion in denying the plaintiffs leave to amend their complaint to add four additional causes of action arising from alleged defamatory statements made by the defendant after the commencement of the action (*see Public Adm'r of Kings County v Hossain Constr. Corp.,* 27 AD3d 714 [2006]; *Kocak v Egert,* 280 AD2d 335 [2001]).

The defendant's remaining contentions either are unpreserved for appellate review or are without merit. Miller, J.P., Ritter, Rivera and Lifson, JJ., concur.