■ MANDEL, RESNIK & KAISER, P.C., Respondent, v E.I. ELECTRONICS, INC., Defendant and Third-Party Plaintiff-Appellant. MANDEL RESNIK, KAISER, MOSKOWITZ & GREENSTEIN, P.C., et al., Third-Party Defendants-Respondents. [839 NYS2d 68]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered June 26, 2006, which granted the motion of plaintiff and third-party defendants for summary judgment dismissing the counterclaim and third-party complaint, and denied defendant's cross motion for partial summary judgment and leave to amend its pleadings, unanimously modified, on the law, the motion denied, the cross motion granted to the extent of permitting defendant to amend its pleadings, and the counterclaim and third-party complaint reinstated, as amended, and otherwise affirmed, without costs.

Plaintiff was retained to represent defendant, a closely held manufacturer of electric meters, in a transaction in which defendant was to be acquired, in whole or in part, by General Electric (GE). The acquisition was structured in three stages: (1) an initial purchase of a 35% interest, (2) a call option exercisable by GE enabling it to purchase an additional 14% interest and (3) a put option exercisable by defendant requiring GE to purchase the remaining interest in the company. In the initial draft of the agreement, GE's call option was to be exercised at any time after the date it closed on its initial purchase until March 31, 2002, and defendant's option was to be exercised within the year "after the expiration of the GE Call Option pe-

riod." In the agreement ultimately signed, GE's option was to be exercised between January 31, 2002 and January 31, 2003; however, defendant's put option was to be exercised "[a]t any time between the closing of the GE Call Option and midnight on June 30, 2009."

The complaint states that the parties closed on GE's initial purchase on January 31, 2001. It is alleged that, on the following day, defendant's principal, Erran Kagan, contacted plaintiff law firm to complain that the revised wording could be interpreted as making the exercise of defendant's put option contingent upon the closing of GE's call option. Plaintiff contacted GE at defendant's insistence but was unsuccessful in obtaining GE's consent to amend the language of the agreement to provide that defendant's put option period would commence with the "expiration of the GE Call Option," rather than with its "closing." Plaintiff asserts that GE took the position that the agreement accurately reflected the transaction negotiated between Erran Kagan and GE's representative, Paul Wood. This action for unpaid legal fees ensued, in which defendant interposed counterclaims alleging legal malpractice. Defendant later commenced a separate lawsuit, also alleging legal malpractice, against plaintiff and its partners individually, which has been consolidated with plaintiff's action for legal fees.

Plaintiff moved for summary judgment dismissing the counterclaims and defendant's third-party complaint on the ground that Erran Kagan, an attorney and sophisticated businessman, conceded that he read each draft of the subject agreement "line by line." Plaintiff further argued that the disputed revision was not negotiable, noting that Paul Wood had testified at his deposition that it represented GE's "final offer . . . And if that wasn't acceptable, then we were going to walk from the deal." Supreme Court granted the motion, noting that the revision had been "clearly redlined" in the drafts.

We perceive a question of fact as to whether plaintiff failed to apprise defendant concerning the effect of the amendment to its put option. Plaintiff's moving papers contain no assertion that the change was discussed with Erran Kagan or that its significance was explained. As to Paul Wood's deposition testimony, he could not recall whether the revision had been the subject of his negotiations with Kagan. Wood stated that "we had, you know, a strategic deal in concept. And then the attorneys were negotiating the details." A corporate resolution concerning the put option makes no mention of its contingent nature and, while not conclusive, raises factual questions with respect to plaintiff's diligence in overseeing the negotiations.

While plaintiff was advising a sophisticated client, there is a question regarding the extent of the reliance upon counsel to produce an agreement accurately reflecting defendant's perception of the transaction (*see Schwartz v Olshan Grundman Frome & Rosenzweig*, 302 AD2d 193, 198 [2003]). Nor does the documentary evidence conclusively establish a defense to the factual allegations of malpractice since it is not clear whether Kagan understood the word "closing" to refer to the actual exercise of GE's call option or the closing of the period for exercising the option, as in the original draft (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 304 [2001]; *Proskauer Rose Goetz & Mendelsohn v Munao*, 270 AD2d 150, 151 [2000]). Any negligence on the part of defendant in reviewing the agreement is merely a factor to be assessed in mitigation of damages (*Arnav Indus.*, 96 NY2d at 305 n 2). Likewise, any diminution in the corporation's value due to defendant's inability to compel a purchase of its remaining shares by GE or as the result of restrictions imposed on any sale to a third party raises a question of fact (*see Campbell v Rogers & Wells*, 218 AD2d 576, 580 [1995]). Finally, leave to amend the pleadings is freely granted, absent prejudice (*see Kocak v Egert*, 280 AD2d 335 [2001]), and plaintiff cannot claim surprise inasmuch as the specifics of defendant's legal malpractice claim were made known in its answer and counterclaims. Concur—Tom, J.P., Friedman, Sullivan, Nardelli and Catterson, JJ.