■ Robert Luzzi, Respondent, v Bridge Tower Place Condominium, Appellant. [860 NYS2d 45]—

Order, Supreme Court, New York County (Leland G. De-Grasse, J.), entered May 24, 2007, which, to the extent appealed from as limited by the briefs, denied defendant's motion to enforce a stipulation of settlement without the permanent injunction contained therein, unanimously affirmed, without costs.

Plaintiff unit owner commenced an action seeking declaratory and injunctive relief so as to prevent defendant from accessing his unit and hanging scaffolding from his wraparound terrace to facilitate washing the building's exterior windows, on the

ground that such action was not authorized by defendant's declaration and bylaws. The action was resolved by a "so ordered" stipulation which provided, inter alia, that "[d]efendant is permanently enjoined from erecting scaffolding or any other form of access to the [p]remises utilizing, obstructing or interfering with plaintiff's [u]nit, including the terrace surrounding plaintiff's [u]nit, for purposes of exterior window washing in or about the [p]remises." Defendant subsequently amended its bylaws to allow itself access to plaintiff's premises for the window-cleaning purposes that had been enjoined by the stipulation.

We agree with the motion court that the unambiguous stipulation is valid and enforceable according to its plain meaning, and consequently construe the stipulation's permanent injunction as surviving defendant's subsequent amendment to its bylaws (see Matter of Wallace v 600 Partners Co., 86 NY2d 543, 548 [1995]; Sharp v Stavisky, 221 AD2d 216 [1995], lv dismissed 87 NY2d 968 [1996]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Saxe, J.P., Nardelli, Catterson and McGuire, JJ. [See 2007 NY Slip Op 31324(U).]