■ The Board of Managers of Bridge Tower Place Condominium, Respondent, v Starr Associates LLP et al., Appellants. [975 NYS2d 41]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered on or about December 12, 2012, which, in an action alleging legal malpractice, granted plaintiff's motion for summary judgment on the issue of liability and dismissing defendants' affirmative defenses of comparative fault, and denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

This Court previously held that the stipulation drafted by defendants unambiguously stripped plaintiff of its right to amend its bylaws to attain a specific result in connection with the underlying action (*see Luzzi v Bridge Tower Place Condominium*, 52 AD3d 290 [1st Dept 2008]). Under those circumstances, no expert testimony was necessary to establish that defendants' conduct fell below the standards of the profession generally (*see S & D Petroleum Co. v Tamsett*, 144 AD2d 849, 850 [3d Dept 1988]). Because the alternative to the stipulation was not, as defendants contend, to litigate the underlying action, but for plaintiff to exercise its right to amend the bylaws immediately, the motion court did not err in finding "but for causation" as a matter of law (*cf. Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 271-272 [1st Dept 2004]).

Furthermore, although plaintiff's president is an attorney, and did see drafts of the stipulation, the record does not raise a triable issue as to whether he arrogated to himself the role of drafting the stipulation, or micro-managed the negotiation. Rather, the record shows that plaintiff relied on counsel to effect the strategy of preserving in the stipulation the right to amend the bylaws. Accordingly, the defenses of comparative fault were properly dismissed (*see Mandel, Resnik & Kaiser, P.C. v E.I. Elecs., Inc.*, 41 AD3d 386 [1st Dept 2007]). Concur—Andrias, J.P., Friedman, Richter, Manzanet-Daniels and Feinman, JJ.