■ SIGNATURE BROKERAGE INC., Appellant, v GROUP HEALTH INCORPORATED, Respondent. [772 NYS2d 812]—

Order, Supreme Court, New York County (Helen Freedman, J.), entered December 26, 2002, which granted defendant health insurance company's motion for summary judgment dismissing plaintiff insurance broker's complaint, unanimously affirmed, without costs.

The motion court correctly held that the first alleged oral agreement, providing for defendant's hiring of plaintiff to act as its billing administrator with respect to the new subscriber, cannot be enforced due to the lack of material terms (see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589-590 [1999]), including the new subscriber's assent to the arrangement, and the terms and conditions of the alleged employment. The motion court also correctly held that the second alleged oral agreement, providing for defendant's payment of a broker's commission if and when Insurance Law § 4312 were amended to allow not-for-profit insurance companies to use brokers, would compensate a broker for negotiating a business opportunity, and is therefore barred by the statute of frauds (General Obligations Law § 5-701 [a] [10]). The September 1993 letter signed by defendant's vice-president does not indicate, inter alia, contract duration, rate of compensation or indeed any of defendant's promises given in exchange for plaintiff's services, and therefore fails to satisfy the statute of frauds (see Intercontinental Planning v Daystrom, Inc., 24 NY2d 372, 378-379 [1969], citing, inter alia, Stulsaft v Mercer Tube & Mfg. Co., 288 NY 255, 258 [1942]). In view of the parties' prior relationship, plaintiff's introduction of defendant to the new subscriber could have been done with the expectation that defendant would engage plaintiff as broker for other, future opportunities arising after amendment of the law, and therefore was not part performance unequivocally referable to the alleged oral contracts (see Baytree Assoc. v Forster, 240 AD2d 305, 307 [1997], lv denied 90 NY2d 810 [1997]).

We have considered plaintiff's other arguments and find them unavailing. Concur—Buckley, P.J., Williams, Lerner and Marlow, JJ.