TED MOUSTAKIS, Appellant, v CHRISTIE'S, INC., et al., Respondents. [892 NYS2d 83]—

This action arises out of an auction of memorabilia from the Star Trek television series and motion pictures. Contrary to plaintiff's contention that defendant Christie's had represented the commander data uniform to be one of a kind, no such representation was ever made in the auction catalogue. Significantly, the conditions of sale, which plaintiff accepted in order to be allowed to participate in the bidding process, expressly declared that "all property is sold 'as is' without any representation or warranty of any kind by Christie's or the seller." UCC 2-316 (3) (a) recognizes that "unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is' . . . which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty."

Even assuming there was a breach of contract or warranty as to the other two items purchased by plaintiff at the auction, he was, under the conditions of sale, contractually precluded from pursuing the massive recovery he now demands. The only remedy available to him thereunder would be a refund of the sale price(s) upon return of the item(s), a limitation generally permissible in contracts for the sale of goods (*see* UCC 2-719 [1] [a]).

The allegations of fraud and negligent misrepresentation are virtually identical to those upon which the causes of action for breach of contract and breach of warranty rest, and are thus duplicative, inasmuch as there is no pleading of the breach of a duty separate and apart from the contractual obligation owed to plaintiff. In that regard, it is axiomatic that "a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]).

Nor does plaintiff have a viable cause of action against these defendants under General Business Law §§ 349 or 350. A party

seeking those remedies must charge conduct that is consumer oriented, with an impact on the public at large (*Canario v Gunn*, 300 AD2d 332 [2002]). Finally, the misconduct alleged here, which arises from a private contract, does not resemble the egregious wrongdoing that could be considered part of a pattern directed at the public generally, so as to warrant the imposition of punitive damages (*see Garrity v Lyle Stuart, Inc.*, 40 NY2d 354, 358 [1976]). Concur—Sweeny, J.P., Catterson, Renwick, Freedman and Abdus-Salaam, JJ.