THE BOARD OF MANAGERS OF THE CHELSEA 19 CONDOMINIUM et al., Appellants, v CHELSEA 19 ASSOCIATES et al., Respondents. [905 NYS2d 8]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered March 19, 2009, which, in an action by a condominium and certain of its unit owners against the condominium's sponsor, its principal and its architect, granted the sponsor defendants' motion to dismiss the complaint as against them and sua sponte dismissed the complaint as against the architect, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 9, 2009, which, to the extent appealed, denied plaintiffs' motion to renew, unanimously dismissed as academic, without costs.

The motion court correctly held that the individual unit owners lack standing to seek damages for injury to the building's common elements (*see Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership*, 50 AD3d 503, 504 [2008]). We otherwise affirm the result, albeit not for the motion court's reasons (*see Fenton v Consolidated Edison Co. of N.Y.*, 165 AD2d 121, 125 [1991], *lv denied* 78 NY2d 856 [1991]). The contract claims, which are based on the architect's description of the building's condition included in the offering plan and incorporated in the purchase agreements, are flatly contradicted by the "as is" clause and related disclaimer provisions in those documents (*see Rivietz v Wolohojian*, 38 AD3d 301 [2007]); those provisions are not undermined by the general statement in those documents that the building was in "good" condition. All of the fraud and related tort claims arise from the same provisions said to have been breached and seek the same damages, and thus merely duplicate the insufficient contract claims (*see Moustakis v Christie's, Inc.*, 68 AD3d 637, 637 [2009]; *ESBE Holdings, Inc. v Vanquish Acquisition Partners, LLC*, 50 AD3d 397, 398-399 [2008]). Moreover, plaintiffs are foreclosed from establishing reliance by the specific disclaimers (*see Citibank v Plapinger*, 66 NY2d 90, 94-95 [1985]), and by their undertaking to conduct their own investigation (*see Parker E. 67th Assoc. v Minister,*

*Elders & Deacons of Refm. Prot. Dutch Church of City of N.Y.*, 301 AD2d 453, 454 [2003], *lv denied* 100 NY2d 502 [2003]). Absent a confidential or fiduciary relationship, defendants did not have a duty of disclosure (*see Dembeck v 220 Cent. Park S., LLC*, 33 AD3d 491, 492 [2006]), and common-law fraud may not be asserted against a condominium sponsor based on omissions from the offering plan (*see Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership*, 12 NY3d 236 [2009]). The claim for negligent performance of contract is not cognizable (*see City of New York v 611 W. 152nd St.*, 273 AD2d 125, 126 [2000]). The claims for wrongful transfers of development rights, sounding in conversion, unjust enrichment and breach of fiduciary duty, are subject to a three-year limitations period and therefore untimely (*see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 44-45 [1995]; *Lambert v Sklar*, 30 AD3d 564, 566 [2006]; *Kaufman v Cohen*, 307 AD2d 113, 118 [2003]). This is so with respect to the fiduciary breach claim regardless of whether it is based on allegations of actual fraud (*see Kaufman v Cohen* at 119), as there is no viable fraud claim based on affirmative misrepresentation (*see Dragon Inv. Co. II LLC v Shanahan*, 49 AD3d 403, 404 [2008]). The claims against the architect largely mirror the insufficient claims against the sponsor and its principal; to the extent the claims against the architect sound in professional negligence, they are untimely (*see IFD Constr. Corp. v Corddry Carpenter Dietz & Zack*, 253 AD2d 89, 91-92 [1999]). In view of the foregoing, it is unnecessary to address whether the board was authorized to commence this action, and, accordingly, we dismiss the appeal from the order denying renewal. Concur—Gonzalez, P.J., Friedman, DeGrasse, Manzanet-Daniels and Román, JJ.