■ Maya NY, LLC, Appellant, v Daryl Hagler, Respondents. [965 NYS2d 475]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered April 5, 2012, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the third, sixth and ninth (in part) causes of action in the amended complaint, unanimously modified, on the law, to the extent of reinstating the third and ninth causes of action, and otherwise affirmed, without costs. Order, same court and Justice, entered July 17, 2012, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for leave to amend the fifth and eleventh causes of action in the amended complaint, unanimously affirmed, without costs.

Plaintiff alleges that defendants breached contractual obligations, or were unjustly enriched, in connection with two transactions. In its third cause of action, plaintiff alleges that defendants were unjustly enriched by a $250,000 "loan" made by plaintiff's predecessor-in-interest to the corporate defendant N.E. Development, LLC, at the recommendation of defendant Hagler, the predecessor's accountant and financial tax planner. Hagler formed N.E. Development as an investment vehicle/tax shelter for his clients. The $250,000 loan was made in June 2004 and, according to plaintiff, defendants orally agreed to repay the loan, with interest at the rate of 13% per annum, to plaintiff's predecessor-in-interest. Repayment was due June 2005, 12 months after the loan was made. Defendants did not, however, repay the loan in full and plaintiff alleges that it was never notified by Hagler that the money was actually being treated by him as an investment in N.E. Development. Although the motion court applied a six-year statute of limitations, it held that the cause of action was time-barred because it accrued on the date that plaintiff made its initial payment in June 2004.

In its ninth cause of action, plaintiff alleges that defendants were unjustly enriched when plaintiff's predecessor-in-interest, at Hagler's recommendation, "invested" a total of $202,500 (made in three payments across three years) in defendant Washington Partners, LLC, another entity in which Hagler had an interest. Although the motion court determined that plaintiff had sufficiently pleaded its prima facie case for unjust enrichment, and that the third investment payment made on December 15, 2008 was actionable, it found, by applying a three-year statute of limitations, that claims based on the first $180,000 transfer of investment funds, in November 2005, and the $7,500 transfer of investment funds, in June 2007, were time-barred.

The basis of a claim for unjust enrichment is that the defend-

ant has obtained a benefit that in "equity and good conscience" should be paid to the plaintiff (*Mandarin Trading Ltd. v Wildenstein,* 16 NY3d 173, 182 [2011] [internal quotation marks omitted]). It is available only in unusual situations when the defendant has not breached a contract nor committed a recognized tort, but circumstances create an equitable obligation running from the defendant to the plaintiff (*see Markwica v Davis,* 64 NY2d 38 [1984]). Under New York law, there is no identified statute of limitations period within which to bring a claim for unjust enrichment, but where, as here, the unjust enrichment and breach of contract claims are based upon the same facts and pleaded in the alternative, a six-year statute of limitations applies (*see Knobel v Shaw,* 90 AD3d 493, 495 [1st Dept 2011]).

Plaintiff alleges that the use of its monies by defendants, after not fully repaying the money loaned pursuant to an oral contract, bestowed an unintended benefit upon them. The alleged wrongful act occurred in June 2005, when the monies should have been repaid to plaintiff and not when plaintiff first advanced the funds. This action was commenced in November 2010, within six years of June 2005, so that the third cause of action was timely brought and should not have been dismissed.

Like the third cause of action, the ninth cause of action for unjust enrichment is specifically pleaded in the alternative to the breach of contract claims and was also timely brought in November 2010. As a result, the Court erroneously dismissed Maya's unjust enrichment claims arising out of the November 2005 and June 2007 transfers by applying a three-year statute of limitations when this cause of action is governed by a six-year statute of limitations. In arguing that a three-year limitations period applies to the ninth cause of action, defendants rely on cases involving allegations for unjust enrichment stemming from tortious conduct, which is not the case here (*cf. Board of Mgrs. of the Chelsea 19 Condominium v Chelsea 19 Assoc.,* 73 AD3d 581 [1st Dept 2010]).

An action for conversion is subject to a three-year limitation period (*see* CPLR 214 [3]; *Sporn v MCA Records,* 58 NY2d 482, 488-489 [1983]). The cause of action normally accrues on the date the conversion takes place and not the date of discovery or the exercise of diligence to discover (*Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.,* 87 NY2d 36, 44-45 [1995]). In its sixth cause of action, plaintiff alleges that Hagler was obligated to use the funds it entrusted to him as a loan, but Hagler invested them instead. The latest date for the accrual of an action for a conversion claim would be June 2005, the date plaintiff alleges that repayment of the loan was due. The conver-

sion claim is untimely as it was brought more than three years after the cause of action accrued.

Plaintiff's fifth and eleventh causes of action alleging accountant malpractice with respect to the loan and investment transactions were properly dismissed as untimely. A three-year statute of limitations applies (see CPLR 214 [6]; *Williamson v PricewaterhouseCoopers LLP*, 9 NY3d 1 [2007]), and such causes of action accrued at the time the negligent investment advice was given, or, at the very latest, when Hagler, without apparent explanation, failed to pay both the loan when due (on or about June 23, 2005), and the initial payment on the investment that was due on or about November 28, 2006 (see *Ackerman v Price Waterhouse*, 84 NY2d 535, 541-542 [1994]).

Furthermore, neither the amended complaint, nor the proposed second amended complaint, offered any allegations to show that Hagler continuously represented plaintiff's predecessor with respect to the two transactions (see *Zaref v Berk & Michaels*, 192 AD2d 346, 347-348 [1st Dept 1993]), or that the parties had a "mutual understanding of the need for further representation on the specific subject matter" (*McCoy v Feinman*, 99 NY2d 295, 306 [2002]). There were no allegations as to how Hagler advised plaintiff's predecessor once the due dates of the two transactions were reached. By plaintiff's own allegations, its predecessor was left perpetually "in the dark" about everything that had to do with the transactions, including the fact that no written instruments were involved and Hagler had autonomy to handle the transactions as he desired. The one-sided handling of these investments does not support a finding of continuous representation.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Moskowitz, J.P., DeGrasse, Richter and Gische, JJ. **[Prior Case History: 35 Misc 3d 1210(A), 2012 NY Slip Op 50646(U).]**