■ DAVID TROLMAN, Appellant, v TROLMAN, GLASER & LICHTMAN, P.C., et al., Respondents. [981 NYS2d 86]—

Judgment, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered August 23, 2013, inter alia, awarding plaintiff $500,000 to be paid within 45 days of plaintiff's delivery of a general release in favor of defendant law firm, $250,000 to be paid on or before June 30, 2014, and $250,000 to be paid on

or before June 30, 2015, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered December 13, 2012 and July 11, 2013, respectively, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the unjust enrichment and conversion claims as against the individual defendants and granted defendants' motion to enforce a settlement agreement, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The motion court properly determined that the handwritten memorandum executed following mediation between the parties was a binding and enforceable settlement agreement, and not merely an agreement to agree. The memorandum's plain language expressed the parties' intention to be bound (*see Bed Bath & Beyond Inc. v IBEX Constr., LLC*, 52 AD3d 413 [1st Dept 2008]), and established a meeting of the minds regarding the material terms pertaining to the settlement of plaintiff's claim for unpaid deferred compensation (*see Henri Assoc. v Saxony Carpet Co.*, 249 AD2d 63, 66 [1st Dept 1998]). The agreement was not rendered ineffective simply because certain nonmaterial terms were left for future negotiation (*see id.*; *Conopco, Inc. v Wathne Ltd.*, 190 AD2d 587, 588 [1st Dept 1993]), or because it stated that the parties would promptly execute formal settlement papers (*see Kowalchuk v Stroup*, 61 AD3d 118, 123 [1st Dept 2009]).

The record demonstrates that the entirety of the parties' arbitration proceeding was submitted to mediation and is therefore encompassed in the enforceable settlement agreement. To the extent plaintiff may have desired to "carve out" any arbitrable claims against the individual defendants and not submit them to mediation, it was incumbent upon him to make that clear during the proceedings, which he failed to do (*accord Coppola v WE Mag.*, 268 AD2d 303 [1st Dept 2000]).

The motion court did not abuse its discretion by requiring plaintiff to execute a general release of all known and unknown claims as of the date of the settlement agreement.

We have considered plaintiff's additional arguments and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Renwick, Freedman and Manzanet-Daniels, JJ.