■ Sustainable PTE Ltd. et al., Respondents-Appellants, v Peak Venture Partners LLC et al., Defendants, and Nader Tavakoli et al., Appellants-Respondents. [56 NYS3d 44]—

Order, Supreme Court, New York County (Anil C. Singh, J.),

entered on or about December 11, 2015, which to the extent appealed and cross-appealed from as limited by the briefs, denied dismissal of the claim for tortious interference with contractual relations as asserted against defendants Nader Tavakoli and Vladislav Doronin, granted dismissal of the claim for tortious interference with prospective contractual relations, and granted dismissal of the part of plaintiffs' unjust enrichment claim that is based on certain fees and expenses set forth in a SURF Agreement, unanimously modified, on the law, to deny dismissal of the unjust enrichment claim, and otherwise affirmed, with costs against defendants-appellants.

Plaintiffs have stated a claim for tortious interference with contractual relations against Doronin and Tavakoli by alleging the existence of the SURF Agreement between them and defendants Omar Amanat and Peak Venture Partners LLC; Doronin's and Tavakoli's knowledge of the SURF Agreement; that Doronin and Tavakolo, through a series of complex business machinations, intentionally procured Amanat and Peak's breach of the SURF Agreement by depriving them of the ability to perform under the agreement; actual breach of the SURF Agreement; and plaintiffs' damages (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]). Plaintiffs have further alleged that the breach of contract would not have occurred but for the activities of Doronin and Tavakoli (*Cantor Fitzgerald Assoc. v Tradition N. Am.*, 299 AD2d 204 [1st Dept 2002], *lv denied* 99 NY2d 508 [2003]).

The asset management provision of the SURF Agreement sets forth sufficient material terms to be enforceable in its own right, and is not merely an agreement to agree. Specifically, the provision identifies the services to be provided by plaintiff Sustainable PTE Ltd., the specific compensation that Sustainable is to receive in exchange for those services, and the duration of the agreement (*cf. Signature Brokerage v Group Health*, 5 AD3d 196, 197 [1st Dept 2004] [agreement was unenforceable due to lack of material terms]). The provision is not rendered unenforceable simply because certain nonmaterial terms were left for future negotiation, or because the SURF Agreement provides that the parties would execute a future asset management services agreement (*see Trolman v Trolman, Glaser & Lichtman, P.C.*, 114 AD3d 617, 618 [1st Dept 2014], *lv denied* 23 NY3d 905 [2014]). Doronin and Tavakoli's arguments remaining concerning the claim for tortious interference with contractual relations either raise issues of fact inappropriate for resolution on a motion to dismiss, or are unavailing.

The motion court correctly dismissed the claim for tortious interference with prospective contractual relations, due to insufficient allegations of wrongful conduct motivated solely by a desire to harm plaintiffs (*Carvel Corp. v Noonan*, 3 NY3d 182, 190 [2004]; *see Arnon Ltd [IOM] v Beierwaltes*, 125 AD3d 453 [1st Dept 2015]).

Plaintiffs are permitted to assert their unjust enrichment claim in the alternative (*Beach v Touradji Capital Mgt. L.P.*, 85 AD3d 674, 675 [1st Dept 2011]), particularly since Doronin and Tavakoli are not parties to the SURF Agreement, yet are alleged to have received the value of plaintiffs' services.

We have considered the parties' remaining contentions and find them unavailing. Concur—Acosta, P.J., Renwick, Mazzarelli, Andrias and Manzanet-Daniels, JJ.