Bandler v DeYonker (2019 NY Slip Op 05633)





Bandler v DeYonker


2019 NY Slip Op 05633


Decided on July 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2019

Friedman, J.P., Richter, Tom, Oing, Moulton, JJ.


9863 162450/15

[*1]Michael Bandler, Plaintiff-Appellant,
v
Gregory DeYonker, et al., Defendants-Respondents.


Michael Bandler, appellant pro se.
Davidoff Hutcher & Citron LLP, New York (Joshua S. Krakowsky of counsel), for respondents.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about June 27, 2016, which, inter alia, granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.
The court properly dismissed the complaint as untimely. The statute of limitations for tortious interference with contract and with prospective business relations is three years from the date of injury, which is triggered when a plaintiff first sustains damages (CPLR 214[4]; Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993]). Here, the November 2015 complaint alleges that plaintiff was terminated from his engagement with nonparty BPCM in February 2012, which is when he was injured and his causes of action accrued (see Thome v Alexander & Louisa Calder Found., 70 AD3d 88, 108 [1st Dept 2009], lv denied 15 NY3d 703 [2010]).
Contrary to plaintiff's argument, his injury did not accrue at the time his federal action against BPCM was dismissed in September 2014. The precedents that plaintiff relies upon in this vein involve actions seeking indemnity and have no applicability here (see e.g. Vista Co. v Columbia Pictures Indus., Inc., 725 F Supp 1286, 1290 [SD NY 1989]).
Plaintiff's argument that his claim for unjust enrichment is subject to a six-year limitation period also fails. The unjust enrichment claims against defendants flow from alleged tortious conduct, and thus were barred by a three-year limitations period (see e.g. Maya NY, LLC v Hagler, 106 AD3d 583, 585 [1st Dept 2013]; Board of Mgrs. of the Chelsea 19 Condominium v Chelsea 19 Assoc., 73 AD3d 581, 582 [1st Dept 2010]).
We have considered plaintiff's remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 11, 2019
CLERK