Richmond Global Compass Fund Capital Mgt. GP, LLC v Nascimento (2024 NY Slip Op 00879)

Richmond Global Compass Fund Capital Mgt. GP, LLC v Nascimento

2024 NY Slip Op 00879

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Kern, J.P., Singh, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 654190/21 Appeal No. 1688 Case No. 2023-02905 

[*1]Richmond Global Compass Fund Capital Management GP, LLC, et al., Plaintiffs-Appellants,
v
Decio Nascimento et al., Defendants-Respondents.

Israel David LLC, New York (Hayley Lowe of counsel), Ropes & Gray LLP, New York (Deanna E. Minasi of counsel), and Day Pitney LLP, New York (John Vukelj of counsel), for appellants.
Cozen O'Connor, New York (Christopher Paolino of counsel), for Decio Nascimento and Frank Jones II, respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered May 2, 2023, which, to the extent appealed from, granted defendants' motion to dismiss the first and second causes of action for breach of the contractual noncompetition and nonsolicitation clauses as asserted against defendant Decio Nascimento, and the causes of action for unjust enrichment, unfair competition, and misappropriation of trade secrets as asserted against defendants Nascimento and Frank Jones II, unanimously modified, on the law, to deny the motion as to the first and second causes of action and the unjust enrichment, unfair competition, and misappropriation of trade secrets causes of action as asserted against defendant Jones, and otherwise affirmed, without costs.
The court erred in dismissing the otherwise well-pleaded causes of action against defendant Nascimento for breach of the noncompete and nonsolicit covenants in his 2016 employment agreement. The court found that a subsequent letter agreement, which stated that "it will confirm" that Nascimento "will continue to be employed . . . for an additional one-year extension period, commencing on May 1, 2019," and that "terms of [his] employment . . . will continue to be subject to the terms and condition set forth in the [2016 employment agreement]," was unambiguous and meant that the employment agreement's restrictive covenants self-expired on April 30, 2020. We disagree and find that Nascimento failed to establish as a matter of law that the employment agreement expired by its own terms, thereby eliminating the notice of termination or resignation requirement and subsequent trigger of the restrictive covenants (see e.g. MAK Tech. Holdings Inc. v Anyvision Interactive Tech. Ltd., 213 AD3d 28, 33-34 [1st Dept 2022]; Hatkoff v Tussauds Group LLC, 186 AD3d 1154, 1157 [1st Dept 2020]). This issue cannot be resolved on this pre-answer motion to dismiss, even considering the documents submitted on the motion.
The court properly dismissed the quasi-contract and tort claims for unjust enrichment (based on the alleged use of the track record and possession of the underlying data), unfair competition (to the extent based on the use of confidential information), and misappropriation of trade secrets as to defendant Nascimento, as they are duplicative of the claim against him for breach of the contractual provision concerning confidential information (see Scarola Ellis LLP v Padeh, 116 AD3d 609, 611 [1st Dept 2014]; Moustakis v Christie's, Inc., 68 AD3d 637 [1st Dept 2009]). However, as to defendant Jones, who was not a party to the Nascimento employment contract or any other contract with plaintiffs, the quasi-contract and tort-based claims were
properly stated, and should not have been dismissed as duplicative (see e.g. Sustainable PTE Ltd. v Peak Venture Partners LLC, 150 AD3d 554, 556 [1st Dept 2017]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED[*2]: February 20, 2024