| |
|---|
| **Open House Manhattan Inc. v de Visser** |
| 2024 NY Slip Op 30606(U) |
| February 22, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151931/2023 |
| Judge: Dakota D. Ramseur |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. DAKOTA D. RAMSEUR**                     PART                34M
                                            *Justice*

-----------------------------------------------------------------------X

OPEN HOUSE MANHATTAN INC.

                              Plaintiff,

                    - v -

KEITH DE VISSER,

                              Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151931/2023 |
| MOTION DATE | 10/06/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 12, 14, 15

were read on this motion to/for                    DISMISS                    .

In February 2023, plaintiff Open House Manhattan Inc. (hereinafter, "plaintiff" or "OHM") commenced this action against defendant Keith deVisser to recover for liabilities it incurred due to defendant's alleged professional malpractice in failing to properly submit tax forms to the New York State Department of Finance between 2012 and 2015.[1] In this motion sequence (001), defendant moves for dismissal pursuant to CPLR 3211 (a)(1) where documentary evidence refutes plaintiff's claims, (a)(4) due to the existence of a prior pending action, (a) (5) as being barred by the statute of limitations, and (a) (8) for lack of personal jurisdiction. Plaintiff opposes the motion in its entirety. For the following reasons, defendant's motion to dismiss pursuant to CPLR 3211 (a) (5) is granted, and the action is dismissed.

## BACKGROUND

Plaintiff alleges that it retained defendant as a professional accountant in October 2011 to render accounting, advisory, and tax support services. (NYSCEF doc. no. 1 at ¶ 1.) In this capacity, defendant was responsible for maintaining plaintiff's books and preparing its tax filings. (*Id.* at ¶ 2.) Plaintiff avers that, for 2012, defendant directed and advised it to close business and form a new company, which meant defendant was supposed to file the 2012 tax returns that indicated this change of status. (*Id.* at ¶ 4.) Due to defendant's alleged failure to properly file the 2012 tax returns, however, plaintiff alleges that the New York State Department of Taxation has informed it that it has unpaid tax debt of $93,959.38. (*Id.* at ¶ 7.) In paragraph eight, plaintiff alleges that "De Visser had filed taxes, corresponded with the State of New York and requested reinstatement of OHM in 2012 without authority or approval of plaintiff... The taxes for 2012-2015 were submitted in [sic] without Plaintiff's authority or approval." (*Id.* at ¶ 8.)

---

[1] Although he is named "De Visser" in the caption, his affidavit indicates the proper spelling is deVisser.

**151931/2023  OPEN HOUSE MANHATTAN INC. vs. DE VISSER, KEITH**                     Page 1 of 4
**Motion No.  001**

1 of 4

[* 1]

Plaintiff further alleges that (1) after inquiring how defendant was resolving this issue, he either explained that it was being worked on or ignored plaintiff altogether (*id.* at ¶ 9), (2) defendant sent a letter to the Department of Taxation on September 24, 2018, explaining (and without taking further action), "[w]e are the accountants for Open House Manhattan. This company has not conducted business since December 2013, and as such has had their NYS charter revoked" (*id.* at ¶ 10), and (3) the tax returns defendant filed in 2012 and 2015 tax returns were "not marked final" (*id.* at ¶ 11.) Lastly, plaintiff alleges that, to date, defendant has not corrected or rectified the improperly filed tax returns and has since failed to respond to any written request for updates. (*Id.* at ¶ 12, 16.)

On October 31, 2021 OHM's President Theodore Liouliakis (and several other defendants) filed an Answer with Counterclaims in the Civil Court Action, *Raich Ende Malter & Co., LLP v Open House Lofts Ny, Inc.* (Civ. Ct. No. 018346-2021). Therein, Liouliakis alleges nearly identical facts and claims for professional malpractice against defendant's accounting firm. (*See* NYSCEF doc. no. 8, answer with counterclaims.)

On the present motion, deVisser contends that plaintiff's 2015 tax return (NYSCEF doc. no. 7), filed by his accounting firm on July 31, 2016, constitutes documentary evidence as to when plaintiff's alleged professional malpractice cause of action accrued. Given the three-year statute of limitations for professional malpractice, then, plaintiff was required, but failed, to commence its action by July 31, 2019. Alternatively, to the extent the Court is inclined to toll the limitation period under the "continuing representation" exception, deVisser contends that plaintiff's allegations do not run past September 2018 when he sent the letter to the Department of Taxation. Thus, even if the limitation period is tolled to September 2018, plaintiff's action is still untimely as plaintiff filed the complaint on February 28, 2023. The Court agrees; thus, it need not reach any further ground for dismissal.

## DISCUSSION

*Dismissal Under CPLR 3211 (a) (1) and (a) (5)—Statute of Limitations*

Causes of action alleging accountant malpractice have a three-year statute of limitation period. (*Maya NY, LLC v Hagler*, 106 AD3d 583, 586 [1st Dept 2013]; CPLR 214 (6) ["Actions to be commenced within three years: [6] an action to recover damages for malpractice (other than medical), regardless of whether the underlying theory is based in contract or tort"].) Such claims accrue from when the injury occurs—or "when all facts necessary to the cause of action have occurred." (*Mitschele v Schultz*, 36 AD3d 249, 252 [1st Dept 2006].) Thus, claims based on the failure to provide correct accounting information or advice typically accrue "upon the receipt of the negligently prepared tax documents." (*Id.*, citing *Ackerman v Price Waterhouse*, 84 NY2d 535, 541-542 [1994] ["[T]he claim [against an accountant] accrues upon the client's receipt of the accountant's work product since this is the point that a client reasonably relies on the accountant's skill and advice."]) Once the defendant has established, prima facie, that the time to commence an action has expired, "the burden then shifts to the plaintiff to raise questions of fact as to whether the statute of limitations [was] tolled." (*See Spitzer v Newman*, 163 AD3d 1026, 1027 [2d Dept 2018] [citations omitted].)

**151931/2023  OPEN HOUSE MANHATTAN INC. vs. DE VISSER, KEITH**
**Motion No. 001**

Page 2 of 4

Here, plaintiff acknowledges that it became aware of defendant's alleged malpractice in preparing 2012's tax return soon thereafter. [2] (In his Answer with Counterclaims in the Civil Court case, OHM's President admits that the company received such notice in May 2014 when the Department of Taxation first communicated about an unpaid tax bill—NYSCEF doc. no. 8 at ¶ 36). Further, plaintiff does not dispute the authenticity of the 2015 8879-s tax form that defendant attached to his motion. This document, which contains OHM's President's signature, establishes that plaintiff received the subject documents for that year (thus when the claim accrued) no later than July 31, 2016. Taken together, defendant has made its prima facie showing that plaintiff either had actual knowledge of the alleged malpractice or received the requisite tax documents by July 31, 2016 (the date OHM's president signed the 8879-s form).[3]

Nonetheless, plaintiff contends that its professional malpractice claim related to its 2015 tax returns is timely under the "continuing representation" doctrine. This doctrine tolls a claim's statute-of-limitation period and applies only "where there is a mutual understanding of the need for further representation on the *specific subject matter* underlying the malpractice." (*Symbol Tech., Inc. v Deloitte & Touche, LLP*, [69 AD3d 191, 195 [2d Dept 2009] (emphasis added); *Williamson v PricewaterhouseCoopers, LLP*, 9 NY3d 1, 10 [2007] [recognizing that where the plaintiffs and defendant were acutely aware of the need for further representation "(i.e., they had a mutual understanding to that effect)" and the plaintiffs were under the impression that defendant attorney was actively addressing their need, the continuous representation doctrine tolled the limitation period].) The First Department has made clear that, where an accountant/firm has been retained to prepare successive tax returns, each year's tax returns represent a "discrete and severable" transaction. (*Booth v Kriegel*, 36 AD3d at 315; *Mitschele*, 36 AD3d at 252 [In circumstances where parties are engaged in a continuous relationship, the tolling of the limitations period "is only appropriate where the continuous representation was *in connection with the particular transaction.*"] [emphasis original].)

In support of its position, plaintiff interprets the various allegations relating to measures deVisser did or did not take to resolve the 2012 tax issue as evidence of the parties' mutual understanding of ongoing representation. These allegations include: (1) defendant's communication that he "would take care of it" (NYSCEF doc. no. 1 at ¶ 6) and the issue "was being worked on" (*id.* at ¶9); (2) defendant's negligence "related to OHM continues to-date" (*id.* at ¶12); (3) his refusal to provide any information about OHM's tax filings to its new accountants (*id.* at ¶ 14); and (4) that defendant "has failed to respond to any of the written requests for an update. This remains an unresolved issue and [defendant] refuses to cooperate." (*Id.* at ¶ 16.) Notwithstanding that some of these allegations are conclusory, viewed cumulatively, plaintiff's evidence fails to establish issues of fact as to whether there was a mutual understanding beyond 2018. This is because each post-2018 allegation relates to a *failure* on defendant's part to continue the representation. Defendant "failed to respond to any of the written requests for an update" (*id.* at ¶ 16); "repeated requests were made for the files and

_____

[2] While the complaint leaves out specific dates for when it received notice from the Department of Taxation about an outstanding tax debt, it does describe plaintiff's "repeated attempts" to inquire into the matter. At the absolute very latest, its allegation that defendant sent a letter to the Department in 2018 serves as notice of defendant's alleged malpractice.

[3] Although plaintiff states, "Defendant has failed to establish delivery of their work product" (NYSCEF doc. no. 14 at 2), it does not reference the 8879-s form nor elaborate on how this form, signed by its president, does not establish delivery of the accounting work.

**151931/2023  OPEN HOUSE MANHATTAN INC. vs. DE VISSER, KEITH**
**Motion No. 001**

[* 3]

deVisser has ignored all communications and requests" (*id.* at ¶ 15); "deVisser has refused to provide any information about Plaintiff's tax filings to Plaintiff's new accountant" (*id.* at ¶ 14)—none of these allegations (the only ones that address defendant's post-malpractice conduct) evince a continuing representation. Indeed, over the course of an approximately seven- or eight-year period, plaintiff only cites one instance, the 2018 letter, in which defendant took a single affirmative step towards recognizing its continuing obligation to represent plaintiff on this matter. Yet, even in this, plaintiff qualified, stating "no further action was taken thereafter." (NYSCEF doc. no. 1 at ¶ 10.)

In sum, the statute of limitations on plaintiff's professional malpractice cause of action arising from tax returns for 2012 to 2015 accrued no later than July 31, 2016. And since plaintiff's allegations related to defendant's subsequent conduct do not create issues of fact as to the existence of defendant's continued representation, it was required to commence this action by July 31, 2019. Having only done so nearly four years later, dismissal of the cause of action is warranted under CPLR 3211 (a) (5).

Accordingly, for the foregoing reason, it is hereby

ORDERED that the branch of defendant Keith deVisser's motion to dismiss plaintiff Open House Manhattan Inc.'s complaint pursuant to CPLR 3211 (a) (5) is granted and the complaint is dismissed; and it is further

ORDERED that the branches of defendant's motion to dismiss pursuant to CPLR 3211 (a) (4) and 3211 (a) (8) are deemed moot; and it is further

ORDERED that counsel for plaintiffs shall serve a copy of this order, along with notice of entry, on all parties within twenty (20) days of entry.

This constitutes the Decision and Order of the Court.

| 2/22/2023 | | DAKOTA D. RAMSEUR, J.S.C. |
|-----------|---|---------------------------|
| DATE | | |

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☐ DENIED ☒ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

151931/2023   OPEN HOUSE MANHATTAN INC. vs. DE VISSER, KEITH
Motion No. 001

Page 4 of 4

4 of 4