UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

ANDRIA BORSODY,

    Plaintiff - Appellant,

v.

FEDERAL EXPRESS
CORPORATION,

    Defendant - Appellee.

No. 25-3087
(D.C. No. 2:24-CV-02073-HLT-ADM)
(D. Kan.)

_____

**ORDER AND JUDGMENT\***
_____

Before **PHILLIPS**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Andria Borsody, proceeding pro se, appeals the district court's denial

of her Motion for Judicial Review and Temporary Injunction, which contests

the validity and enforcement of the parties' previously negotiated

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Federal Rules of Appellate Procedure 34(a)(2); Tenth Circuit Rule 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rules of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

settlement agreement. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I

Borsody brought an employment discrimination case against FedEx in the United States District Court for the District of Kansas. Separately, in administrative proceedings before the state's workers' compensation division, Borsody pursued several workers' compensation claims against FedEx. The events underlying these claims were intertwined, and the parties attended mediation during which they reached a global settlement that would resolve all of Borsody's pending claims against FedEx. Both FedEx and Borsody signed a hand-written term sheet outlining the key terms of this agreement, including financial settlement terms.

The term sheet listed three separate payments, one for lost wages to be reported on a W-2, a second for compensatory damages to be reported on a 1099, and a third for "George Pearson lien paid." Aplt. Opening Br., Exs. at 16. Attorney Pearson represented Borsody in at least some of her workers' compensation claims and had filed an attorney's lien against Borsody and FedEx seeking compensation for his services. The term sheet required the parties to take all actions necessary to dismiss the pending federal court case and workers' compensation claims. It also included a provision stating Borsody agreed "to be responsible for any and all taxes

2

personally due on settlement payment and to indemnify FedEx for any such tax liability." *Id.* at 17. Finally, the term sheet required the parties to keep the "nature and amount" of the settlement confidential "except to attorney or tax advisor unless required by a court order." *Id*. Four days later, FedEx filed a notice of settlement with the district court. The district court administratively closed the case and ordered the parties to file a stipulation of dismissal by January 6, 2025.

This proved more challenging than expected, and this stipulated dismissal was never filed. Despite agreeing to Pearson's payment during mediation, Borsody thereafter refused to stipulate to any settlement that included payment to Pearson. She separately challenged Pearson's lien in her administrative proceedings with the workers' compensation division. While the state administrative court and appeals board were addressing her challenge to the lien, FedEx moved in federal court to enforce the settlement agreement. In response, Borsody filed a competing motion to compel a hearing on the attorney's lien.

On January 28, 2025, the district court ruled that the written term sheet resulting from the November 2024 mediation was valid and enforceable as a settlement agreement, including the provision requiring payment to Pearson. The district court noted, "this Court is not the proper place to address" the validity of the attorney's lien because "the lien is part

3

of [Borsody's] worker's compensation cases." Suppl. R. at 7. But it also ruled that the parties entered into an enforceable settlement agreement at the November 2024 mediation, and the terms of that agreement were reflected in the term sheet. And the term sheet provided for payment of Pearson's lien out of Borsody's settlement funds. In other words, the court held the agreement to pay the lien was enforceable because the parties agreed to that term during mediation and it was part of the enforceable settlement agreement. *See id.* at 10. The court also granted the parties' motions to seal documents related to the settlement agreement. Borsody filed a motion asking the district court to reconsider its ruling enforcing the settlement agreement, which the court denied.

Borsody then appealed the court's order enforcing the settlement agreement to this court. We dismissed the appeal for lack of jurisdiction because it was an interlocutory appeal taken from a non-final order. *Borsody v. Fed. Express Corp.*, No. 25-3017, slip op. at 4 (10th Cir. March 14, 2025); R. I at 355-58. FedEx then tried to pay Borsody to fulfill its obligations under the settlement agreement. Borsody refused to provide FedEx with the tax documents they needed to complete the payment and continued to object to having any portion of her settlement paid to Pearson. At the parties' request, the district court held a status conference in April 2025, regarding the status of the settlement. During this hearing and in

4

response to additional motions filed by Borsody, the district court again explained why it had found the term sheet, including Pearson's lien payment, enforceable.

About three weeks later, Borsody filed a "Motion for Judicial Review and Temporary Injunction," R. I at 441-44, which again attempted to challenge the court's ruling that the settlement agreement was enforceable on the terms as stated in the term sheet, including payment of Pearson's lien from the settlement proceeds. She argued that (1) the district court improperly enforced Pearson's lien before the workers' compensation division finalized the settlement and despite the court's alleged statement that it would "defer to [the workers' compensation division] to address Mr. Pearson's lien," R. I at 441-42; (2) FedEx improperly modified the term sheet by requiring submission of tax forms (a W-4 and a W-9) that are absent from the term sheet itself; and (3) the district court violated Borsody's due process rights by dismissing her "objections and motions . . . without proper consideration," *id.* at 441, which caused her financial hardship.

In denying the motion, the district court again ruled that the term sheet was valid and enforceable and that both parties had agreed therein that a portion of the settlement funds would go to Pearson, and the remainder would go to Plaintiff. The court also noted that Borsody's appeal of Mr. Pearson's lien through the workers' compensation division had no

5

bearing on her ruling on the motion to enforce the settlement agreement. The district court then held that even though the term sheet said nothing about tax forms, they were impliedly required because the parties could not otherwise fulfill their settlement obligations. Finally, the district court denied Borsody's due process and financial hardship claims. As to due process, the court found that, contrary to Borsody's view that the court had summarily dismissed her previous claims, the court had carefully considered the issues and had explained its reasoning on the record. As to financial hardship, the court found the argument unsupported and specious, because Borsody, herself, had caused the financial hardship she alleged by refusing to finalize the settlement agreement, thereby delaying payment.

On appeal, Borsody disagrees with the district court's conclusion that the binding term sheet required payment to Pearson, and she insists the district court should have refrained from ruling on that issue until the state administrative appeals court resolved her lien appeal. She also argues: (1) that the district court improperly modified the settlement terms by requiring her to submit tax forms; (2) FedEx breached the settlement agreement and caused her financial harm by improperly withholding taxes from part of her settlement payment and by using outdated tax forms to do so; and (3) the term sheet is not enforceable because the settlement

agreement adopted by the parties in the April 2025 workers' compensation division hearing superseded it.

In addition to the merits arguments, we are confronted with a sealing issue. Borsody filed several documents that FedEx moved to seal because they reveal confidential settlement information. Borsody objected to the motions to seal in her responses and motions to strike, although many of her responses suggest she does not object to the relief FedEx seeks. Finally, in response to one of Borsody's motions to strike, FedEx requested sanctions in the form of costs and fees incurred in responding to Ms. Borsody's various motions.

## II

### A

In her opening brief, Ms. Borsody presents the following issues:

1. Did the district court err by enforcing the term sheet as a binding contract when evidence shows it was intended as an outline, not a final agreement?

2. Did the district court exceed its jurisdiction by enforcing payment of the Pearson lien before a state court ruling, contrary to its own May 22, 2025 order?

3. Did the district court violate due process by denying judicial review and enforcing payment before the state process was complete?

4. Did the district court improperly modify settlement terms by requiring tax forms for tax-free workers' compensation

payments and by misapplying the term sheet's tax allocation?

5. Did the defense breach the settlement agreement and cause financial harm, including risk of double payment and improper tax withholding?

6. Did the April 23, 2025 court-approved settlement supersede the November 2022 [sic] term sheet, making enforcement of the earlier term sheet improper?

Aplt. Opening Br. 2-3.

**1**

Ms. Borsody did not raise issues 5 and 6 in the district court. "It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). And we generally do not depart from this rule unless the appellant argues for plain error in their opening brief. *United States v. McGehee*, 672 F.3d 860, 873 (10th Cir. 2012) (holding arguments forfeited in district court are reviewed for plain error); *United States v. Portillo-Uranga*, 28 F.4th 168, 177 (10th Cir. 2022) (holding forfeited arguments can prevail only when a party makes a sufficient showing under the plain-error standard). Borsody has not even argued plain error, let alone made a sufficient showing under the standard, so we do not reach issues 5 or 6.

**2**

Four issues remain. However, this court's rules require an appellant's opening brief to identify "appellant's contentions and the reasons for them," along with citations to the relevant parts of the record and supporting legal authorities. Fed. R. App. P. 28(a)(8)(A); *see also United States v. Banks*, 451 F.3d 721, 728 (10th Cir. 2006) (refusing to consider argument unsupported by legal authority). "Consistent with this requirement, we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007); *see also United States v. Cooper*, 654 F.3d 1104, 1128 (10th Cir. 2011) ("It is well-settled that arguments inadequately briefed in the opening brief are waived." (internal quotation marks omitted)). "[P]erfunctory" allegations of error that "fail[] to frame and develop an issue" are insufficient "to invoke appellate review." *Kelley v. City of Albuquerque*, 542 F.3d 802, 819 (10th Cir. 2008) (internal quotation marks omitted).

Borsody offers no support at all in her briefing regarding issues 2, 3, and 4. Because the supporting arguments for these issues were not raised or adequately presented, Borsody has therefore waived them.[1]

**B**

The last issue before us is whether the district court erred in enforcing the term sheet as a binding contract. "We review the district court's decision to enforce [a settlement agreement entered into by the litigants] for an abuse of discretion." *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004). And we will find an abuse of discretion only "when the district court based its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *Id.* (internal quotation marks omitted).

Borsody fails to meet the heavy burden of showing the district court abused its discretion. As an initial matter, she presents the same argument on appeal that she raised before the district court, without explaining how

---

[1] In her notice of appeal, Borsody raised two issues that she did not pursue or develop in her briefing. She argued that (1) the district court violated due process and "[o]verstepped [its] jurisdiction" by improperly "reopening" the case to issue a final order after it "officially clos[ed] the case on May 9, 2025," R. I at 448-49, and (2) the district court improperly dismissed her financial hardship claim by failing to "consider[] the impact of enforcement delays," *id.* at 448. "Any issue raised in a Docketing Statement, but not argued in the opening brief is deemed abandoned for purposes of appeal to this court." *Kabba v. Mukasey*, 530 F.3d 1239, 1248 n.5 (10th Cir. 2008). We will not address on appeal the two issues Borsody abandoned.

10

the district court abused its discretion. Stating on appeal that the trial court erred, without advancing "reasoned argument as to the grounds for the appeal," is insufficient appellate argument. *Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 n.6 (10th Cir. 2008) (internal quotation marks omitted).

Further, Borsody cites only a New York state court case to support her argument on this issue. Aplt. Opening Br. 5 (citing *Trolman v. Trolman, Glaser & Lichtman, P.C.*, 981 N.Y.S.2d 86 (N.Y. App. Div. 2014)). This citation to a single, non-pertinent authority "suggests either that there is no authority to [support Borsody's] position or that [she] expects the court to do [her] research." *Rapid Transit Lines, Inc. v. Wichita Devs., Inc.*, 435 F.2d 850, 852 (10th Cir. 1970).

Although Borsody provided additional legal authority in her Supplemental Memorandum in Support of Opening Brief, the two additional cases she cites concern the confidentiality of the settlement agreement's terms and are not relevant to the issue of whether the term sheet was enforceable. *See* Dkt. No. 19 at 2. Borsody also cited legal authority to support this issue in her briefing responsive to FedEx's motions to seal. But those authorities are also inapplicable. She first cites another non-binding state court case in support of an entirely new argument suggesting the term sheet was not binding because it did not contain all required signatures. *See* Aplt. Resp. in Opp'n to Aplee. Mot. to Seal, Mot.

11

for Sanctions, and Objection to Repeated Mot. Practice, at 2 (citing *Wood River Pipeline Co. v. Willbros Energy Servs. Co.*, 738 P.2d 866, 871 (Kan. 1987)). And she then cites the Restatement of Contracts for the proposition that no enforceable contract exists when the parties contemplate further terms – but she fails to coherently identify what further terms were contemplated by the parties. *See id.* at 4.

In sum, even construing Borsody's filings liberally in light of her pro se status, Borsody failed to show that the district court abused its discretion in enforcing the term sheet as a binding contract. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (holding we must construe pro se filings liberally).

## III

FedEx filed several motions to seal Borsody's filings on appeal, including exhibits attached to her opening brief, her supplemental memorandum in support of her opening brief, her motion to strike FedEx's second motion to seal, her reply in support of her opening brief, and her second motion to strike FedEx's third motion to seal. In the alternative, FedEx requests we replace certain of Borsody's filings revealing confidential settlement information with redacted copies, and it has provided the court with proposed redacted versions. Borsody opposed all the motions, and she filed two motions to strike FedEx's motions to seal, which

we construe as responses to FedEx's motions to seal, based on their contents.

"[T]his court, in its discretion, may seal documents if the public's right of access is outweighed by competing interests." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (internal quotation marks omitted). The party seeking to seal records "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Id.* at 1292-93.

FedEx argues in its motions to seal that the parties' agreement to keep the terms of their settlement confidential "clearly outweighs the public interest in access to the document[s]" they seek to seal. Aplee. Mot. to Seal the Exs. Affixed to Aplt. Br., at 2 ¶ 7; Aplee. Mot. to Seal Aplt. Suppl. Mem. in Supp. of Opening Br., at 2 ¶ 5. Borsody argues in response that she met her confidentiality obligations by properly filing documents with this court, apparently not appreciating that such filings are publicly available. In fact, Borsody seems to agree that the term sheet requires confidentiality because she argues that FedEx (and not she) improperly breached the term sheet's confidentiality requirements by revealing settlement terms to her workers' compensation attorney (whom she calls a third party). She also seems to suggest that FedEx's motions to seal are attempts to limit this court's –

13

rather than the public's – access to her filings, and her main concern is preserving this court's access to her filings.

We disagree with FedEx that the parties' agreement to keep their settlement confidential outweighs the presumption of public access. However, because the doctrine of waiver stops us from substantively analyzing the settlement agreement's terms, the weight of public interest in accessing the documents is lower. *Cf. Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241-42 (10th Cir. 2012) (declining to seal settlement agreement terms because the documents were central to the case and were used to determine the parties' substantive legal rights). And of course, sealing records does not prevent the court from reviewing them.

We conclude that redacting all references to the settlement agreement's financial terms and sealing only Exhibits A, B, C, and E to Borsody's Opening Brief, including the term sheet and emails discussing the financial settlement terms, appropriately balances the competing public interests of access to court records and encouraging settlements in litigation. *See Desktop Direct, Inc. v. Digital Equip. Corp.*, 993 F.2d 755, 758 (10th Cir. 1993) (agreeing that out-of-court settlements are desirable), *aff'd*, 511 U.S. 863 (1994).

In sum, we grant in part and deny in part FedEx's motions to seal. We grant FedEx's request to seal Exhibits A, B, C, and E, filed as attachments

14

to Borsody's opening brief; we deny its request to seal any other documents. Instead, we grant its request to redact the following documents: Appellant's Supplemental Memorandum in Support of Opening Brief, Appellant's Reply Brief, and Appellant's Motion to Strike Appellee's Third Motion to Seal and Any Substitute or Redacted Reply Brief.

## IV

FedEx requests sanctions to recover the costs of responding to Borsody's "frivolous and repeated motions and filings." Aplee. Resp. in Opp'n to Aplt. Mot. to Strike Aplee. Third Mot. to Seal and Any Substitute of Redacted Reply Br., at 5. Borsody opposes the request. Because the request for attorneys' fees, which is embedded within a response, comports with neither Fed. R. App. P. 38 nor 10th Cir. R. 39.2, we deny the request.

## V

We affirm the district court's rulings enforcing the settlement agreement; grant FedEx's motion to seal Exhibits A, B, C, and E to Borsody's opening brief; and grant FedEx's alternative request to redact the following documents: Appellant's Supplemental Memorandum in Support of Opening Brief, Dkt. No. 19; Appellant's Reply Brief, Dkt. No. 37; and Appellant's Motion to Strike Appellee's Third Motion to Seal and Any Substitute or Redacted Reply Brief, Dkt. No. 40. The unredacted versions of those documents will remain under seal. The Clerk is directed to file the

15

redacted versions submitted by FedEx. Finally, we deny FedEx's request for sanctions.

Entered for the Court

Richard E.N. Federico
Circuit Judge